### KENNEY, Plaintiff-Appellant, v KENNEY, ET, Defendants-Appellees.

Ohio Appeal, Seventh District, Mahoning County.

No. 3105. Decided April 26th, 1946.

Carlyle & Carlyle, Youngstown, for plaintiff-appellant.

H. H. Wickham, John Ruffalo, and Hammond, Hoyt & Rand, all of Youngstown, for defendants-appellees.

## OPINION

By PHILLIPS, J.

By motion filed in her action for alimony and defendant's action by cross-petition for divorce then pending in the common pleas court plaintiff sought a determination by that court of her right to the proceeds of insurance policies on the life of a deceased son of the parties. After the judgment of the court of common pleas entered upon a finding on such motion made by a judge of that court became final plaintiff filed her petition in accordance with the provisions of §11631-4 GC, to vacate that judgment. In that petition she alleged that such judgment was procured by false and fraudulent representations made to the judge of that court. Defendant, Joseph A. Kenney, answered to plaintiff's petition, and subsequently he and defendant Vivian Kenney demurred thereto on the ground that plaintiff's petition failed to state a cause of action.

Plaintiff's appeal to us on questions of law presents for our consideration and determination the ultimate question whether the judge of the court of common pleas erred in sustaining the demurrers of defendants Joseph A. Kenney and Vivian Kenney to plaintiff's petition and thereafter dismissing it on the grounds set forth in such demurrers.

We cannot reach the conclusion at which counsel for plaintiff asks us to arrive that defendant Joseph A. Kenney waived his right to demur to plaintiff's petition to vacate the judgment of the court of common pleas, to which reference has been made, by previously filing an answer thereto. See §11311 GC; **City of Youngstown v Moore, 30 Oh St 133; Brown, Exr., v Kroh, 31 Oh St 492; Bozzelli v Industrial Commission of Ohio, 122 Oh St 201.**

In the case of **Michael v The American National Bank, 84 Oh St 370,** in construing §11631-4 GC, the Supreme Court held:

"Where a cause has proceeded to trial and final judgment, a court of equity will not vacate or open up the judgment and grant a new trial of the same issue determined in the former hearing, in the absence of fraud or undue advantage by the prevailing party.

"The fraud or undue advantage for which a court of equity will set aside a judgment or decree, must consist of extrinsic acts outside of and collateral to the matter actually tried by the first court and not related to the matter concerning which the judgment or decree was rendered."

In the case of **Minetti v Einhorn, 36 Oh Ap 310,** the court said:

" 'Fraud' for which courts of equity will set aside judgment must consist of extrinsic acts collateral to matter actually tried (§11631, par. 4, GC)."

In the case of Minetti v Einhorn, supra, in commenting upon the case of Michael v American National Bank, supra, that court said:

"While the Michael case was a proceeding in equity to set aside a judgment on the ground of fraud, the case is unquestionably an authority for a proceeding under §11631 GC. The ground for vacation in the instant proceeding is related to the matter concerning which the judgment in the original proceeding was rendered. · As it has been repeatedly said before by courts of this state, if judgments were vacated upon an allegation of perjured testimony, there would be no stability to any judgment, and no end to litigation. While, as has also been said in such cases, an injustice may be suffered by the party seeking vacation, it is more important that the litigation be ended and stability given to a judgment than that the grievance of an individual should be redressed."

See also **Haynes v The United Insurance Company, 48 Oh Ap 475,** where it was held:

"If fraud is relied upon to vacate a judgment it must be predicated upon acts outside of, collateral and extrinsic to, the matter concerning which the judgment or decree was rendered."

We reach the conclusion that the judge of the court of

common pleas did not err to plaintiff's prejudice in sustaining the demurrers of defendants Joseph A. Kenney and Vivian Kenney and thereafter dismissing plaintiff's petition on the ground that it failed to state a cause of action.

Since plaintiff's brief, upon which she submitted her appeal to us without oral argument, is directed solely to the claimed error of the judge of the court of common pleas hereinbefore disposed of and her counsel does not claim that the court of common pleas erred in sustaining the demurrer of defendant Western and Southern Life Insurance Company on the ground that it was misjoined as a party defendant and dismissed as a party to the action we do not review the judgment of the court of common pleas with respect thereto.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, and CARTER, J, concur.