BARKDULL, Chief Judge.
Appellant, plaintiff in the trial court, seeks review of an adverse final summary judgment entered by the trial court in a tort action. The appellant seeks damages for personal injuries sustained as the result of an alleged assault and battery committed by one Robert Demps, an alleged employee of the appellee.
The facts giving rise to the instant case are as follows: On Sunday evening, May 20, 1962, the appellant went to the appellee’s service station for the purpose of using a pay telephone located in a telephone booth on the premises. While she was using the telephone, the appellant and Robert Demps engaged in an argument over the use of said telephone. When the appellant completed her call and had stepped from the Booth, Robert Demps shot her with a gun he kept in the service station.
In an effort to reverse the final summary judgment appealed herein, the appellant contends the record on appeal reveals that there is a question of fact as to whether or not (1) Robert Demps was within the scope of his employment when he committed the act; (2) The appellee was negligent in hiring Robert Demps when it knew or should have known of his criminal propensities; (3) The appellee ratified the act of Robert Demps if said act was outside the scope of his authority.
The first and third contentions were not raised by the pleadings,[1] pursuant to which the final summary judgment was entered, and we cannot entertain these points for the first time on this appeal. See: Mariani v. Schleman, Fla.1957, 94 So.2d 829; Ormsby v. Ginolfi, Fla.App.1959, 107 So.2d 272; 2 Fla.Jur., Appeals, §§ 287, 290.
 In reviewing the remaining contention in a light most favorable to the appellant, as we must do on appeal [See: Pritchard v. Peppercorn, Inc., Fla.1957, 96 So.2d 769; Keller v. Florida Power & Light Company, Fla.App.1963, 156 So.2d 775], we fail to find wherein the trial court erred. The record on appeal clearly shows there was no negligence on the part of the appellee in hiring Robert Demps, as the record affirmatively shows that prior to the criminal act [resulting in the instant case] Robert Demps had no known criminal propensities.
Based on the foregoing, we find no prejudicial error on the part of the trial court and hereby affirm the final summary judgment appealed.
Affirmed.

. This is true because tbe complaint alleged only that defendant was negligent, “ (a) In hiring the said Robert A. Demps when it knew or should have known of his criminal propensities; (b) In negligently failing to review tlio background of its employee, Robert A. Demps; (c) In allowing its employees and/or agents to have loaded weapons upon its premises”.