CARROLL, Judge.
The appellant Henry Jacobs sued the owner and the driver of a taxi cab in which he was a passenger, for personal injuries received when he fell or was thrown through a rear door of the taxi cab onto the street.
On trial of the cause before a jury, motions of defendants for directed verdict were denied, a verdict was rendered in favor of the plaintiff for $6,500 and judgment was entered thereon. Thereafter defendants’ motion under rule 2.7(b), Fla.R.C.P., 31 F.S.A. to set aside the judgment and for judgment to be entered in favor of defendants in accordance with their motion for directed verdict, was granted, judgment was entered for defendants (see rule 2.7(c), Fla.R.C.P.), and the plaintiff appealed.
In the order granting judgment for defendants the trial judge held that a prima facie case of negligence was not shown, and that it was as reasonable to infer the defendant driver may have turned sharply to avoid a child as to assume if was an act of negligence.[1] In our opinion the trial *554 judge was in error in so holding, and we reverse.
The facts leading up to the accident, as disclosed by the record, were that the plaintiff, who was under the influence of liquor to some degree, and who had arranged to meet a woman at a certain street location, placed a call for the taxi cab operated by the defendant William Small with whom he was acquainted. In response to the call Small picked up the plaintiff and drove him to the desired location. There was a direct conflict in the evidence as to which side of the cab the plaintiff entered and on which side of the rear seat he sat. Plaintiff testified he entered the cab on the right side, and was on that side at the time of the accident in which he fell or was thrown through the left rear door. The defendant driver testified the plaintiff entered the cab, without any assistance, on the left side and was seated on the left. He also testified that before the accident the plaintiff was observed leaning against the left door with his right arm. The plaintiff testified otherwise. The defendant driver explained that the vehicle, a Checker cab, was wider and roomier in the rear seat compartment than the average automobile, having folding jump seats to accommodate additional passengers, and that the jump seats were folded down.
When the cab reached the place for the intended rendezvous, the party to be met was not there. At plaintiff’s direction the taxi proceeded around the block, and when the expected party still had not appeared made a second circle of the block. It was in the course of rounding a corner on the latter that the plaintiff fell or was thrown out of the cab.
Plaintiff testified the cab driver was aggravated and made a sharp or quick turn which threw him from the right side of the rear seat shoulder first into the left door (which the driver testified he had locked), through the door and onto the street, rendering him unconscious and causing his injuries. There was a conflict on whether plaintiff was unconscious after the fall. The driver and an investigating officer testified he was mumbling, and, in effect, that he was groggy. Plaintiff testified he remembered nothing from the time he struck the door until he woke up in the hospital in the presence of a doctor and a nurse. If the foregoing had been the limit of the evidence regarding the circumstances of a sudden turn of the vehicle, we would agree with the able trial judge that negligence of the driver was not established, because such a sharp or abrupt turn of the cab might have been made necessary through some sudden emergency confronting the driver which could not reasonably have been anticipated or guarded against. Compare Jacksonville Coach Company v. Rivers, Fla. 1962, 144 So.2d 308; Blackman v. Miami Transit Company, Fla.App.1960, 125 So.2d 128.
Here, however, there was other evidence material to the issue of negligence.’ The driver was called as a witness for the plaintiff, and in our view his testimony removed the need to speculate as to a possibility that the sudden turn may have been brought about by some necessitous circumstance or emergency which could have justified it. This is so because in his testimony describing the action the defendant driver gave no such excuse or explanation. On the contrary, he claimed the turn was normal and without incident, while proceeding at less than 10 miles per hour. Thus his testimony effectively revealed the absence of any emergency situation calling for a sharp or sudden turn which could throw the passenger out of the cab, and amounted to denial that any such sharp turn took place.
With conflicts in the evidence, as to the side of the cab on which the plaintiff *555 was seated, and as to whether or not there was a sharp or a sudden turn, the jury could and no doubt did resolve them by concluding there was a sharp turn (for which the defendant driver’s testimony showed there was no need or occasion) of sufficient force and effect to cause the plaintiff to be thrown across the rear seat space of the cab, and into the locked door with sufficient force to fling it open and throw him onto the street head first.
On considering the defendants’ motion for directed verdict (after verdict as well as prior thereto) the trial judge was required to view the evidence in the light most favorable to the plaintiff, and to accord to the plaintiff favorable inferences reasonably to be drawn from the evidence as a whole. Deese v. White Belt Dairy Farms, Inc., Fla.App.1964, 160 So.2d 543, 545; Smith v. Peninsular Insurance Company, Fla.App., 181 So.2d 212, 216. In addition to so viewing the evidence the question of negligence of the defendant driver was to be determined under the rule that as the operator of a common carrier he owed to the paying passenger the duty to transport him safely by the exercise of the highest degree of care consistent with practical operation of the vehicle. Therefore, in a common carrier case where slight negligence serves to violate the duty to exercise the highest degree of care, the jury properly could find that the making of a turn of a kind and having the effect described by the plaintiff’s testimony constituted negligence on the part of the taxi cab driver, unless such action by the driver could be excused by some emergency situation patently sufficient to transcend the duty of care owed to the passenger; and, as stated above, the defendant driver’s testimony disclosed the absence of any exculpatory circumstance.
Accordingly, the judgment appealed from is reversed and the cause is remanded with directions to reinstate the judgment for the plaintiff.

. The judgment contained the following:
“2. The plaintiff did not proceed in this cause on the theory of res ipsa loquitur; the only evidence submitted going to the negligence of the Defendant taxi cab driver was that said driver executed a ‘quick’ turn. The only testimony offered to bolster this evidence was the Plaintiff’s testimony that the Defendant taxi cab driver ‘looked aggravated.’ The Plaintiff presented no evidence as to the cause or reason for the driver to ‘look aggravated.’ No reasonable inference can be drawn from such testimony that would *554 authorize a verdict against the Defendants to stand. It is as reasonable to assume that Defendant Small was aggravated by and turned to avoid a child in the street as it is to assume his ‘look’ and his turn constitute a negligent act.”