PER CURIAM.
The factual allegations involved here are stated in Sparks v. Ober, Fla.App.1966, 192 So.2d 81, where this court reversed an order of dismissal. Upon remand, this case proceeded to trial in accordance with that opinion.
*484 The trial court directed a verdict for the defendants Ober at the conclusion of the plaintiff’s case. Plaintiff appeals from the final judgment rendered on the directed verdict for the defendants.
Generally, a directed verdict should not be entered if the evidence is conflicting and permits different, reasonable inferences. John B. Reid & Associates, Inc. v. Jimenez, Fla.App.1966, 181 So.2d 575. A court, in considering the defendant’s motion for a directed verdict is required to evaluate the testimony in the light most favorable to the plaintiff, who is entitled to all reasonable inferences deducible from the evidence. Jacobs v. Harlem Cab, Inc., Fla.App.1966, 183 So.2d 552; and McKenzie v. Atlantic Manor, Inc., Fla.App.1966, 181 So.2d 554.
In this record there is evidence, or reasonable inferences deducible therefrom, which indicates that after a loud argument, the bartender of the defendants heard statements from one George Cox that he was going home to get his gun and he would be back. The bartender was the agent or employee of the owners and it appears that he might have been aware or perhaps should have been aware of the danger and injury which would result if Cox were to carry out this threat. This testimony came from the plaintiff Sparks, the wife of the deceased victim, and was admitted without objection. There was also testimony from one witness, Walker, who was engaged in the loud argument in the bar with Cox that Cox simply stated “wait a minute, I will be back.”
Thus, it appears that there was conflicting evidence concerning the knowledge of the bartender as to these incidents and remarks. This clearly implies a factual situation to be resolved by the jury. If the bartender knew that there had been a serious argument in the bar and that one of the parties had threatened the other and stated that he was going to get his gun and would be back, the jury might reasonably find that there was a duty upon the bartender to take some action which might reasonably forestall any damage or injury. He might, for example, warn the patrons in the bar, require the other person in the argument to leave the premises, call the police, close the bar or take some other action to reasonably protect the patrons and business invitees in the bar. If he failed to do so, a jury might reasonably conclude that this constituted negligence.
On the other hand, a jury might reasonably conclude from the conflicting evidence that the only statement made by Cox was “don’t leave, I will be back.” If the bartender heard this remark, the jury might reasonably find that the bartender had no reason to suspect or believe that Cox would return with a shotgun and shoot anyone. In this event the jury might determine that there was no negligence and, therefore, no liability.
Under these circumstances it appears to us that there was in this cause, sufficient evidence of conflicting facts which should have been determined by a jury.
For these reasons, this case is remanded and the cause returned to the trial court for further proceedings consistent herewith.