224 So.2d 381 (1969)
SIXTY-SIX, INC., a Florida Corporation, D/B/a Sir John Hotel, Appellant,
v.
Earl Alonzo FINLEY and Johnnie Will Ware, Appellees.
No. 68-1021.
District Court of Appeal of Florida. Third District.
June 24, 1969.
*382 Frates, Fay Floyd & Pearson, and James D. Little, Miami, for appellant.
Colson & Hicks, Podhurst & Orseck, Miami, for appellees.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
HENDRY, Judge.
The appellant was defendant below in a personal injury action brought by appellee Earl Alonzo Finley. In the early morning hours, at the lounge of the Sir John Hotel, Johnnie Will Ware shot Finley with a .38 calibre revolver, after the two men had an altercation, and the shooting resulted in Finley's permanent paralysis. Finley's cause of action in the trial court as against the appellant proceeded on two separate theories: the first of these was that the appellant corporation was vicariously liable for those acts of Johnnie Ware which he performed while in the scope of his employment as agent and servant of the appellant; the second theory was that the appellant was negligent by virtue of its "harboring and keeping about its place of business the said Johnnie Will Ware, with notice or knowledge of [his alleged] violent and disorderly propensities."
Trial was held before a jury, and the proceedings therein were lengthy and exhaustive. The defendant below moved for a directed verdict at the close of the plaintiff's case, and at the conclusion of all the evidence. Both motions were denied. The case was submitted to the jury and a verdict was returned in favor of the plaintiff in the amount of $377,003.55. Defendant thereupon moved for a judgment n.o.v., or in the alternative, for a new trial, both of which motions were denied. Since only the corporate defendant, Sixty-Six, Inc., d/b/a Sir John Hotel, has appealed from the final judgment, the co-defendant, Johnnie Will Ware, has been joined as an involuntary appellee pursuant to Florida Appellate Rule 3.11(a), 32 F.S.A.
As its first ground for appeal, the appellant contends that the court erred when it denied the first motions for directed verdict, on the grounds that there was no evidence which showed or inferred that Johnnie Will Ware was acting in the course or scope of his alleged employment, and/or in the furtherance of any interest of his alleged employer when the shooting occurred. Since this appeal is from a jury verdict, and since this particular point on appeal alleges error in the court's refusal to grant the motions for directed verdict, the movant must conclusively demonstrate that the evidence before the court at the time of the motion, when viewed in a light most favorable to the non-movant, precluded a prima facie showing of vicarious liability. Florida East Coast Ry. Co. v. Morgan, Fla.App. 1968, 213 So.2d 632; North Shore Hospital v. Luzi, Fla.App. 1967, 194 So.2d 63; Jacobs v. Harlem Cab, Inc., Fla.App. 1966, 183 So.2d 552.
*383 With regard to this point, the record reflects that Ware's duties included the quelling of disturbances which occurred any place on the Sir John Hotel premises; that he was authorized to be armed, during his working hours, with the .38 calibre revolver; that he was on duty safeguarding the evening's proceeds when the altercation with Finley occurred; plus other incidental details, all of which presented competent and substantial evidence upon which the jury could infer that the shooting occurred as a result of, and within the scope of Ware's employment by the appellant. See especially Dieas v. Associates Loan Co., Fla. 1957, 99 So.2d 279 (error to enter summary judgment on issue of whether employee was in the performance of his duties when trespass and altercation involving plaintiff occurred); Columbia By the Sea, Inc. v. Petty, Fla. App. 1963, 157 So.2d 190 (jury question to determine whether restaurant is liable for assault and battery by its maitre d' upon customer in dispute over bill); Jacobi v. Claude Nolan, Inc., Fla.App. 1960, 122 So.2d 783 (whether employee's operation of an auto was within the scope of his employment, held, question for jury.)
As its second ground for reversal, the appellant contends that: "The trial court erred in charging the jury as to negligence of this defendant where there was no evidence of any violent or disorderly propensities of Johnnie Will Ware and therefore no notice or predicate for such charge." Thus, we must view the record with the issue in mind as to whether or not a jury question was presented wherein the jury could determine the corporate defendant to have been negligent. Viewed in the light most favorable to the plaintiff on this issue, the evidence shows that the president and operator of the corporate defendant knew that Johnnie Ware frequently carried a gun when he was on duty; that said president also knew that alcohol was served on the premises; that Ware's immediate superior, uniformed security officer Lucius Dunkley, was aware that Ware had consumed a large amount of alcoholic beverage immediately before the shooting; that Ware was permitted by his superiors to drink while on duty and to carry a gun on his person while he was unlicensed; that Ware had admitted to his employers that he had used the gun on two occasions in the past. All of these factors certainly presented a prima facie case requiring the jury's resolution of whether the appellant was negligent because it: (a) hired Johnnie Ware with knowledge of his violent propensities; (b) utilized Johnnie Ware by assigning him duties calculated to present peril to club patrons; (c) failed to provide a safe place for its patrons in allowing its guards to drink and carry guns. See Sparks v. Ober, Fla.App. 1968, 216 So.2d 483 (when evidence conflicted as to whether employer of bartender was negligent by virtue of bartender's failure to react when he overheard one patron threaten to kill a second patron, held, presented question for jury.)
Thus, the record shows that the plaintiff had proceeded on two separate theories of law, attempting to show the jury certain facts which the jury could consider, and, within their province, hold as determinative of the issues of vicarious liability for an agent's acts, and/or negligence in the hiring of said agent. In summation, we hold that the evidence which had been adduced at the times the appellant made its motions for directed verdict properly supported the trial judge's decision to submit the case to the jury. For the same reason, the court was proper in denying the motion for judgment n.o.v. and/or a new trial. It was the jury's ultimate assessment of the conflicting factual assertions that determined whether or not the corporate defendant was to be liable for the actions of its employee that evening.
Affirmed.