257 So.2d 95 (1972)
Vincent FORSTER and Lillian Forster, His Wife, Appellants,
v.
RED TOP SEDAN SERVICE, INC., Etc., Appellee.
No. 71-561.
District Court of Appeal of Florida, Third District.
January 18, 1972.
Rehearing Denied February 9, 1972.
*96 Pozen, Pestcoe, Gold & Gold, Miami, for appellants.
Preddy, Haddad, Kutner & Hardy, Miami, for appellee.
Before SWANN, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellants were plaintiffs in an action against the defendants to recover damages for an assault and battery made upon plaintiffs by defendant driver of a bus of Red Top Sedan Service, Inc.
The amended complaint charged in two of the counts that Red Top's driver, Harvey Breines drove its bus in such a manner as to intentionally run plaintiffs' vehicle off the highway, and that defendant driver assaulted and battered both plaintiffs. Count III alleged that defendant Red Top was negligent in hiring Breines and entrusting him with a dangerous instrumentality in view of his prior propensity for violence of the kind and nature described in the complaint.
Defendants moved to dismiss the amended complaint for failure to state a cause of action and it was denied. An answer of general denial was filed. The cause was set for jury trial on the issues. At the conclusion of plaintiffs' case the trial judge granted defendant Red Top's motion for directed verdict. The defendant driver was voluntarily dismissed from the suit prior thereto.
The plaintiffs have appealed from the final judgment in favor of the defendant.
The evidence adduced showed that Vincent Forster and his wife Lillian, were driving east on the Airport Expressway after having stopped at the airport to let a friend get out of their car. A large bus, previously behind the plaintiffs' vehicle, drove up beside their car. It began driving closer and closer, pushing their car over toward the median strip. The bus then pulled ahead and in front of the plaintiffs' car and came to an abrupt stop. In order to avoid a collision Mr. Forster slammed on his brakes.
While Mr. Forster was in his car strapped in his seat with the seat belt, the bus driver, Breines, went back to the Forsters' car. He jerked open the door on the side of the driver and swore that no "old bastard" would delay his schedule and "hold him up from getting to the Beach." Thereupon, he reached for the keys and began pushing Mr. Forster in the face. When Mrs. Forster tried to protect her husband's face, Breines struck her also.
Breines had been employed by Red Top as a driver of its limousines and buses for about one month prior to this incident. It was customary for him to drive Red Top's buses and limousines between the airport and Miami Beach. At the time of this occurrence he was on his way from the airport to Miami Beach to pick up a group of people.
Plaintiffs' counsel attempted to question Breines, while on the witness stand, regarding his criminal and driving records. Objections to the questions were interposed by the defendant's counsel and sustained by the court. Proffer was made showing convictions of violent crimes and traffic violations.
The court also sustained objections to questions propounded to officials of Red Top who were witnesses, relating to the hiring practices and procedures of the company.
Plaintiffs are urging reversal on two grounds: (1) that it was error for the trial court to direct a verdict for the defendant and, (2) that the court erred in sustaining defendant's objections to questions *97 propounded by plaintiff's counsel to the defendant regarding his record of convictions of violent crimes and traffic violations; that the court further erred in denying the plaintiffs' right to question officials of Red Top regarding its employment practices.
First, appellants argue in support of reversal that where the bus company's employee forced plaintiffs' vehicle off the road without coming in contact with plaintiffs' vehicle, and then assaulted and battered plaintiffs because he believed they had delayed him in the performance of his duties, the bus company was vicariously liable for its driver's misconduct.
The trial court disagreed with appellant's contentions in this regard and held that the employee was not acting within the scope of his employment, but was performing an act entirely personal to himself and not in the prosecution of the master's business.
We have carefully considered the point in the light of the record, briefs and arguments of counsel and have concluded that the trial judge erred in directing a verdict for the defendant in that it is not in accord with the rules enunciated by this court in Hurst v. Krinzman, Fla.App. 1970, 237 So.2d 333, and numerous other appellate decisions of the courts of Florida.
It appears to us that upon consideration of all the testimony and varying inferences and conclusions there were issues of fact which should have been submitted to a jury, under proper instructions. City of Miami v. Simpson, Fla. 1965, 172 So.2d 435, 437; Sixty-Six, Inc. v. Finley, Fla.App. 1967, 224 So.2d 381, 383 and cases cited; Columbia by the Sea, Inc. v. Petty, Fla. App. 1963, 157 So.2d 190, 194.
Count III of the amended complaint was based upon the alleged negligence and conclusions of Red Top in hiring the defendant driver. It was error for the court to deny plaintiffs the right to submit evidence on this issue. Davis v. Major Oil Company, Fla.App. 1964, 164 So.2d 558; Sixty-Six, Inc. v. Finley, supra.
The judgment appealed is reversed and the cause is remanded for further proceedings.