285 So.2d 648 (1973)
Ricardo REINA, Appellant,
v.
METROPOLITAN DADE COUNTY, Florida, Etc., et al., Appellees.
No. 73-230.
District Court of Appeal of Florida, Third District.
October 30, 1973.
Rehearing Denied December 7, 1973.
*649 Horton & Perse, and Arnold R. Ginsberg; Fuller, Brumer, Moss & Cohen, Miami, for appellant.
Henry L. Oppenborn, Jr., and Sam Daniels, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
The appellant seeks review of an adverse final judgment, entered pursuant to a directed verdict, in an action to recover damages for an assault and battery committed upon the appellant-plaintiff by a bus driver [defendant's employee].
The plaintiff boarded a County bus operated by James Koch. He placed a quarter in the fare box and the bus driver exchanged words with him regarding the fare being 30 cents, not 25 cents. Several blocks further, the plaintiff pulled the cord to signal the driver that he wanted to get off the bus, but the driver did not stop. The plaintiff again pulled the cord and the driver stopped in the center of the street. After the plaintiff got off the bus [when he had reached the sidewalk] he made an obscene gesture to the driver. When the driver saw the gesture, he pulled the bus off to the side of the road, stopped, and ran after the plaintiff, yelling at him. The driver kicked and beat the plaintiff, as a consequence of which the plaintiff was hospitalized. The plaintiff sued both the bus driver [Koch] and the County. At the trial of plaintiff's action against the County, both plaintiff and the County moved for directed verdicts at the close of the evidence. The plaintiff's motion was denied and the County's granted. Final judgment was entered on the directed verdict in favor of the County, from which the plaintiff appeals.
The appellant contends the trial court erred in granting the defendant's motion for directed verdict, when the following evidence existed from which a jury might lawfully find in favor of the plaintiff: That, because of the "hot pursuit" of plaintiff by the bus driver, the contract of carriage had not terminated when the plaintiff was assaulted and the County could be found liable on the principles regarding the common carrier-passenger relationship; and that, because the bus driver was motivated by a desire to further the interests of his employer when he assaulted the plaintiff and because the assault was a continuation of the verbal altercation on the bus, the County could be found liable on the principles of respondeat superior, citing primarily Columbia By The Sea, Inc. v. Petty, Fla.App. 1963, 157 So.2d 190; Forster v. Red Top Sedan Service, Inc., Fla.App. 1972, 257 So.2d 95; Anno. 34 A.L.R. 372, and cases cited therein.
The appellee replies to this argument that Forster v. Red Top Sedan Service, Inc., supra, is inapplicable under the circumstances because in the cited case the conduct on the part of the injured party, which was impeding the progress of the bus towards the beach, was likely to continue as the bus proceeded down the expressway. The facts in the instant case are just the opposite. The passenger had alighted the bus and was across the street when he was attacked. His conduct could not have impeded the progress of the bus as it continued on its route. We believe the trial judge was correct in the entry of his order directing a verdict for the County. See: Weiss v. Jacobson, Fla. 1953, 62 So.2d 904; White v. Alleghany Cab Co., Inc., S.Ct.N.Y. 1941, 29 N.Y.S.2d 272; George v. Youngstown Municipal Ry. Co., 49 Ohio Law Abst. 412, 86 N.E.2d 916.
*650 The other points urged for reversal have been examined and found to be without merit.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.