297 So.2d 600 (1974)
Herman SOLER, As Personal Representative of the Estate of Veronica N. Soler, and Herman Soler, Individually, Appellants,
v.
Francis Guy KUKULA, Appellee.
No. 73-1308.
District Court of Appeal of Florida, Third District.
July 9, 1974.
Rehearing Denied August 7, 1974.
*601 Schwartz & Klein, North Miami Beach, for appellants.
Adams, George, Wood, Schulte & Thompson, Jeanne Heyward, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Plaintiff-appellant seeks review of that portion of a final judgment in his favor limiting the liability of defendant's insurer and on cross-appeal, defendant-appellees seek review of the adverse judgment in this wrongful death action.
On April 27, 1972, Veronica Soler was injured fatally when she was struck by a motorcycle driven by the defendant, Francis Kukula, as she alighted from her parked car. Plaintiff-appellant Herman Soler, the decedent's husband, filed the instant action individually and as personal representative of the decedent's estate to recover both compensatory and punitive damages under the Survival and Wrongful Death Acts. The named defendants were Francis Kukula who was operating the motorcycle at the time of the accident, Neil Young who was the owner of the cycle and Young's insurer, Progressive Casualty Insurance Company. In response to the complaint, defendants filed their answer denying negligence and alleging contributory negligence. In addition, they also moved to strike plaintiff's claim for punitive damages. However, this motion was denied. Prior to trial, defendant-appellees, including the insurer of the motorcycle, Progressive Casualty Company, filed an offer of judgment in the amount of $10,000 which represented the insurer's limit of liability under its policy. This offer was refused and the cause proceeded to trial. The trial court directed a verdict for plaintiff on the issue of liability and thereafter the jury returned a verdict awarding plaintiff in his capacity as personal representative $126,000 and individually $337,000, and in addition awarded plaintiff $7,000 in punitive damages against the defendant Francis Kukula. Thereafter, defendant-appellees filed a motion for a new trial and/or remittitur and defendant Progressive Casualty filed a motion to limit judgment with an affidavit attached thereto alleging that the applicable policy limits were $10,000 per person, $20,000 per accident. The trial court denied the motion for new trial and/or remittitur and thereupon entered judgment in accordance with the jury verdict, and ordering therein that plaintiff recover $10,000 from defendant-insurer as part of plaintiff's individual compensatory damage award. Plaintiff appeals and defendants cross-appeal therefrom.
Plaintiff-appellant's sole point on appeal is that the trial court erred in entering a judgment limiting the responsibility of the defendant Progressive Mutual Insurance Company to $10,000 in the face of the failure of the defendant to take any action prior to verdict with regard to this affirmative defense of a limitation of liability. We cannot agree.
It affirmatively appears from the record in the case sub judice that the policy limits of the defendant insurance company were ascertained by all parties to this action during pre-trial discovery and again by the offer of judgment which represented the policy limits. In addition, attached to defendant-insurer's motion to limit judgment was a copy of the subject insurance policy and affidavit of defendant's claims manager. Thus, we hold the trial judge was correct in limiting defendant insurer's liability to $10,000, the limits of the policy. See Stella v. Craine, Fla.App. 1973, 281 So.2d 584.
On cross-appeal, cross-appellants contend the court erred in denying defense counsel access to the investigative report and personal notes and records of Officer James for the purpose of cross-examination after the officer had testified from these notes and records.
It is fundamental that the opposite party in both criminal and civil cases *602 has a right to see and examine the memoranda used by a witness so as to be in a position to cross-examine the witness in regard to the testimony given on direct examination. 35 Fla.Jur. Witnesses § 180 (1961) and cases cited therein. Thus, we find that the trial court erred in denying defense counsel access to the personal notes and records of Officer James for the purposes of cross-examination. Plaintiff cross-appellee argues that the trial court was correct in prohibiting counsel from inspecting these documents because they are privileged pursuant to § 316.066, Fla. Stat., F.S.A., which bars the admission thereof into evidence. We disagree under the circumstances. Fla. Stat. § 316.066, F.S.A. [formerly § 317.171] is in derogation of the common law and should be strictly construed in the sense that no situation should be held within its operation to which the legislature did not clearly intend to accord the privilege. Wise v. Western Union Telegraph Company, Fla.App. 1965, 177 So.2d 765. The record demonstrates that Officer James was plaintiff's witness, and counsel for plaintiff allowed the officer to testify from his notes, records, and investigative reports without objecting thereto. Thus, we conclude that the privilege was waived by the plaintiff. Cf. Southern Life & Health Insurance Company v. Medley, Fla.App. 1964, 161 So.2d 19 and see 35 Fla. Jur. Witnesses §§ 130 and 136 (1961).
Cross-appellants secondly argue that the court erred in denying their motion to strike plaintiff's claim for punitive damages. We disagree.
After an examination of the amended complaint, we find that the bare allegations upon which the claim for punitive damages were based are sufficient. See 9A Fla.Jur. Damages § 117 (1972).
For their third point on appeal, cross-appellants contend the court erred in granting a directed verdict in favor of the plaintiff on the issue of negligence. We find this point well taken.
Motions for directed verdicts should be cautiously granted. Kilburn v. Davenport, Fla.App. 1973, 286 So.2d 241. Further, a directed verdict should not be entered if the evidence is conflicting and permits different, reasonable inferences. Sparks v. Ober, Fla.App. 1968, 216 So.2d 483 and cases cited therein.
In the record of the case sub judice, it appears that there was very conflicting evidence as to exactly where plaintiff's decedent was standing at the time of the fatal accident. This clearly implies a factual situation to be resolved by the jury. Therefore, we find that the trial judge committed reversible error in directing a verdict against these defendants on the issue of negligence.
For the reasons cited hereinabove, the judgment herein appealed is reversed and the cause remanded for a new trial.
Reversed and remanded.