PER CURIAM.
The Whites appeal a jury verdict in favor of appellees which absolved them from liability in a vehicular accident. The sole issue is whether the trial court erred by admitting an accident report into evidence. We agree that it was error.
Mr. White testified that his truck was hit in the rear by Kiser while both were travel-ling in the same lane on the interstate. However, Kiser testified that White was travelling in the emergency lane when suddenly White pulled in front of Kiser, causing Kiser to hit the rear of appellant’s truck. There were no eye witnesses to the accident other than White and Kiser. During appellants’ case in chief, counsel asked the accident reconstruction expert what information he was given in the course of his investigation and the source of the information. The expert replied that he was given an accident report by one of appellants’ attorneys. Counsel also elicited the fact that the expert had received certain photographs, a description of the automobiles made by one of the attorneys, and Kiser’s deposition. It was then established that the expert had the opportunity to review the accident report and the other items of information. The expert then explained the circumstances under which he made several tests, and appellants’ counsel posed several hypothetical questions containing facts in evidence. On cross-examination appellees’ counsel evoked a statement that the expert had read every piece of information supplied him and that each thing entered in some way in his arriving at his opinion. After further cross-examinations and re-direct examinations, appellants rested their case. The first item introduced in appel-lees’ case in chief, over proper objection, was the Florida Highway Patrol accident report which was published to the jury.
Section 316.066, Florida Statutes (1977), prohibits the introduction of an accident report in any civil trial. Although this section is in derogation of the common law and should be strictly construed in the sense that no situation should be held within its operation to which the legislature did not clearly intend to accord the privilege, on the other hand, the statute being in part at least designed to protect the constitutional right against self-incrimination, and to facilitate the ascertainment of the cause of accidents, it should not be so strictly construed as to defeat the legislative purpose. Wise v. Western Union Telegraph Co., 177 So.2d 765, 767 (Fla. 1st DCA 1965). The sections according the privilege have been given a liberal interpretation in favor of the privilege of confidence. See Smith v. Frisch’s Big Boy, Inc., 208 So.2d 310, 313 (Fla. 2d DCA 1968); Standley v. White, 326 So.2d 68 (Fla. 1st DCA 1976) which held certain statements to the reporting officer privileged although the result of according the privilege seemed to reach an inequitable result; Ippolito v. Brener, 89 So.2d 650 (Fla.1956) which held there was no waiver of the privilege, upon timely objection, although the testimony sought to be admitted was for impeachment purposes.
We agree with appellee that this privilege is capable of waiver, but we fail to find any evidence of the necessary acts that constitute waiver here. Soler v. Kukula, 297 So.2d 600 (Fla. 3d DCA 1974) is distinguishable because the record there demonstrated that an officer who was plaintiff’s witness, testified from the investigative reports without objection by plaintiff’s counsel. In that case the privilege did not apply so as to deny defense counsel the right to see and examine the memoranda used by the officer so as to enable him to cross-examine the witness in regard to the testimony given on direct examination. In contrast, the record here reveals that the expert had previously been provided a copy of the accident report, along with other items, and that he generally admitted considering the information in these papers to arrive at *954 his opinion. However, the expert did not testify from the accident report, his opinion was responsive to carefully posed hypotheti-cals which assumed facts in evidence, and the opinions requested had nothing to do with opinions or facts contained in the accident report. Under the circumstances in this case, there was an inadequate predicate laid for the claim of waiver.
Furthermore, the introduction of the accident report was not harmless error since the report, signed by the officer, contained a statement which supported Kiser’s version of the accident. Reversed for a new trial.
MILLS, Acting C. J., ERVIN, J., and MASON, ERNEST E., Associate Judge, concur.