BARKDULL, Judge.
The plaintiffs, Terry Hill (a minor) and his mother, Katie Mae Hill, appeal from a final judgment on a jury verdict, entered in favor of the defendants, Allstate Insurance Co. and Merritt Alonso Sims.
The appellants contend it was error to allow the investigating police officer to testify concerning what plaintiff, Terry Hill, told him, in that such statements made by Hill at the scene of the accident fall within the “accident report” privilege afforded by Section 316.066, Florida Statutes (1977), which provides that “No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident.” See, generally, Wise v. Western Union Telegraph Co., 177 So.2d 765 (Fla. 1st DCA 1965); Nash Miami Motors, Inc. v. Ellsworth, 129 So.2d 704 (Fla. 1st DCA 1961).
The appellees contend there was no error in allowing the investigating police officer *157 to testify concerning what plaintiff, Hill, told him, where the statement was made at the scene of the accident during the course of the officer’s investigation, because the privilege under Section 316.066, Florida Statutes (1977) was waived.[1] Compare: Soler v. Kukula, 297 So.2d 600 (Fla. 3d DCA 1974) and Leisure Group, Inc. v. Williams, 351 So.2d 374 (Fla. 2d DCA 1977).
The plaintiffs did not waive the statutory privilege simply by calling the police officer as a witness and questioning him solely as to the location of the accident, his dispatch and arrival times, what he observed at the scene, and what the weather conditions were.
Therefore, the final judgment under review is reversed and the cause remanded for a new trial.
Reversed and remanded for a new trial.

. The appellees also contend that the privilege was waived by the plaintiffs’ counsel questioning the investigating officer about the location of the vehicles immediately prior to the accident, on redirect examination. We find no merit in this contention; this only occurred after his original objection had been overruled. See; Stripling v. State, 349 So.2d 187 (Fla. 3d DCA 1977); Carbone v. Coblentz, 132 So.2d 629 (Fla. 3d DCA 1961); Lovette v. State, 152 Fla. 495, 12 So.2d 168 (1943).