Dr. Elton J. Gissendanner Executive Director Department of Natural Resources 3900 Commonwealth Boulevard Tallahassee, Florida 32303
Dear Dr. Gissendanner:
This is in response to your request for an opinion on substantially the following questions:
 1. MAY THE DEPARTMENT OF NATURAL RESOURCES PERMIT PUBLIC EXAMINATION AND COPYING OF BOATING ACCIDENT REPORTS PREPARED BY MARINE PATROL OFFICERS IN ACCORDANCE WITH s 327.30(5), F.S.?
 2. IF THE ANSWER TO THE FOREGOING QUESTION IS IN THE AFFIRMATIVE, SHOULD INFORMATION OBTAINED BY PERSONS INVOLVED IN THE ACCIDENT WHICH IS CONTAINED IN THE OFFICER'S REPORT BE EXCISED?
 3. MAY THE DEPARTMENT OF NATURAL RESOURCES PERMIT EXAMINATION AND COPYING OF BOATING ACCIDENT REPORTS BY PERSONS WHO ARE INVOLVED IN THE ACCIDENT?
QUESTION ONE
Pursuant to s 327.03, F.S., the Department of Natural Resources is charged with the administration of the Florida Boat Registration and Safety Law, Ch. 327, F.S., and one of the department's administrative duties is to `record all accidents.' See, ss 327.03(1) and (2), F.S. Section 327.03 in subsection (3), further provides as follows:
 All records made or kept by the department under this law shall be public records except confidential reports. (e.s.)
In addition to administrative duties, the Division of Law Enforcement of the Department of Natural Resources and its officers are charged, in conjunction with others, with the enforcement of the provisions of Ch. 327, F.S., and such officers have the power and duty to, among other things, make investigations, reports, and arrests in connection with any violation of the provisions of Ch. 327, F.S. See, s 327.70, F.S.
Section 327.30(5), F.S., empowers any law enforcement officer who makes an investigation at or about the scene of a boating collision or accident to arrest the operator of any vessel involved in the accident. That statutory subsection goes on to provide as follows:
The investigating officer shall file an accident report with the Division of Law Enforcement as soon as practicable upon completion of the investigation. Copies of the accident report shall be transmitted to the appropriate sheriff and Game and Fresh Water Fish Commission office. (e.s.)
May research has filed to disclose any statutory provision which makes an accident report made by the investigating officer pursuant to s 327.30(5) confidential or exempt from public disclosure. See, s 327.03(3), supra; see also, ss 327.30(2) and (3), F.S., relating to accident reports required of and made by persons involved in accidents which are for the confidential use of the Division of Law Enforcement of your department or other governmental agencies having use of the record; cf., s 316.066(4), F.S.
In addition to s 327.03(3), F.S., which provides that all records (except confidential reports) made or kept by the Department of Natural Resources shall be public records, Florida's Public Records Law mandates that all state, county, and municipal records made or received pursuant to law or in connection with the transaction of official business by any agency shall be open to public inspection by any person. See, ss 119.01 and 119.07(1), F.S. The Department of Natural Resources is clearly an `agency' within the meaning of s 119.011(2), F.S.; thus an accident report made or received by such department pursuant to s 327.30(5), F.S., is a public record open for inspection and copying unless s119.07(3)(a) is applicable. That section provides:
 All public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1).
As previously stated, my research has failed to disclose any statutory provision which makes the accident reports made by marine patrol officers and filed with the Division of Law Enforcement, Department of Natural Resources pursuant to s327.30(5) confidential or exempt from the provisions of s119.07(1), F.S. ( Cf., s 327.30[3], F.S., which expressly makes confidential, and thus immune from public inspection and examination, the accident reports made by persons involved in aboating collision or accident.) In the absence of a statute to the contrary, it is my opinion that an accident report made by the officer investigating the accident (as opposed to a report made by a person involved in the accident) is not confidential or exempt from the provisions of s 119.07(1), F.S. In accord: AGO's 077-49, 072-168 and 056-286. Your first question in therefore answered in the affirmative. The Department of Natural Resources may permit public examination and copying of boating accident reports made by marine patrol officers pursuant to s 327.30(5), F.S., since such reports constitute public records and are subject to the provisions of Ch. 119, F.S.
QUESTION TWO
Having determined that boating accident reports made by the investigating officer (in this instance marine patrol officers) and filed with the Division of Law Enforcement, Department of Natural Resources pursuant to s 327.30(5), F.S., are public records open to inspection by anyone, the next consideration is whether the information obtained from persons involved in a boating accident contained in the investigating officer's accident report should be deleted or excised by the department before subjecting the report to public inspection.
Section 119.07(2)(a), F.S., provides as follows:
 Any person who has custody of public records and who asserts that an exemption provided in subsection (3) or in general or special law applies to a particular record shall delete or excise from the record only that portion of the record for which an exemption is asserted and shall produce for inspection and examination the remainder of such record. (e.s.)
The only exemption to public inspection relating to boating accident reports is contained in s 327.30(3), F.S., which relates to the accident reports made by persons involved in accidents. Specifically, s 327.30(3), provides:
All accident reprots required by this section made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the division or other governmental agencies having use of the record, except that the division may disclose the identity of a person involved in an accident when the identity is not otherwise known or when the person denies his presence at such accident. No report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the division shall furnish upon demand of any person who has, or claims to have, made such a report or, upon demand of any court, a certificate showing that a specified accident report has or has not been made to the division solely to prove a compliance or a failure to comply with the requirements that such a report be made to the division. (e.s.)
My research has disclosed no judicial decision which has analyzed the above confidentiality privilege with reference to boating accident reports. However, several judicial decisions have analyzed similar language contained in s 316.066(4), F.S., pertaining to accident reports made by persons involved in highway vehicle accidents. These cases have generally held that the purpose of the confidentiality privilege is at least in part to protect the constitutional rights against self-incrimination and to facilitate the ascertainment of the cause of the accidents. It has also been recognized that it is only those statements which the driver, owner, or occupant is compelled to make in order to comply with the statutory duty of reporting the accident that are clothed with the statutory immunity. State v. Edge, 397 So.2d 939
(1 D.C.A. Fla., 1981); Wise v. Western Union Telegraph Co.,177 So.2d 765 (1 D.C.A. Fla., 1965); State v. Coffey, 212 So.2d 632
(Fla. 1968); Herbert v. Garner, 78 So.2d 727 (Fla. 1955). Moreover, it has been held that the evidentiary privilege afforded by the analogous s 316.066(4), supra, may be waived, see, Soler v. Kukula, 297 So.2d 600 (3 D.C.A. Fla., 1974); Southern Life and Health Insurance Co. v. Medley, 161 So.2d 19 (3 D.C.A. Fla., 1964); and this office has also previously taken the position that the confidentiality provision of s 316.066(4), may be waived by those persons whom the statute was designated to protect. See, AGO 077-49 in which it was opined that the driver or other participant involved in an accident or a duly authorized representative Of same may inspect and copy his or her own accident report.
Based upon my analysis of the above cited cases, it is my opinion that the confidentiality provision or exemption from public disclosure afforded accident reports made by persons involved in accidents cannot be properly construed to extend an element of confidentiality to accident reports made by the investigating officers. The statute making certain accident reports confidential should be strictly construed in the sense that no situation should be held within its operation to which the Legislature did not clearly intend to accord the privilege. Cf., Soler v. Kukula, supra; Wise v. Western Union Telegraph Co., supra. It is therefore my belief that this confidentiality provision, which does effectively bar public disclosure of accident reports made by persons involved in the accident, is more in the nature of a litigation-related evidentiary privilege and was not intended by the Legislature to provide an exemption to the Publid Records Law for certain information contained in the investigating officer's accident report. I wish to note that by the above statement, I do not mean to imply that statements made to an investigating officer which are contained in or form the basis of the officer's accident report are admissible evidence in a civil or criminal trial. See,e.q., State v. Mitchell, 245 So.2d 618 (Fla. 1971); State v. Coffey, supra; Wise v. Western Union Telegraph Co., supra. The question relating to what is admissible as evidence in a trial is a judicial question involving mixed questions of law and fact about which I cannot opine. It may very well be that what is discoverable or open for public inspection because of the Public Records Law may be held to be inadmissible evidence at a trial. I am only opining that the accident report made and filed by the investigating officer is a public record subject to public inspection.
I therefore conclude that an accident report made by the investigating officer which may include information obtained from persons involved in the accident (although possibly inadmissible at a trial) is still a public record subject to public inspection and examination pursuant to s 119.07 and information obtained from persons involved in the accident contained in the officer's report need not be deleted or excised prior to public inspection of the report. The confidentiality afforded accident reports made by persons involved in accidents in s 327.30(3) does not extend, for the purposes of the Public Records Law, to accident reports made by an investigating officer pursuant to s 327.30(5), F.S.
QUESTION THREE
You next inquire whether the department may permit examination and copying of boating accident reports by persons who are involved in the accident. This question has been answered in the response to your first two questions. With regard to accident reports made by the investigating officer, it has been stated that such reports constitute public records within the purview of and subject to the provisions of Ch. 119, F.S., and are thus open to public inspection by anyone. With regard to accident reports made by persons involved in the accident, it has been stated that it is the opinion of this office that the confidentiality provision in s327.30(3) may be waived by those persons whom the statute is designed to protect and thus the driver or other participant involved in an accident or a duly authorized representative of the same may inspect and copy his or her own accident report.
In summary, unless or until legislatively or judicially determined otherwise, it is my opinion that accident reports made by marine patrol officers pursuant to s 327.30(5), F.S. (as opposed to reports made by persons involved in accidents pursuant to s327.30[3], F.S.), are public records subject to the examination, inspection, and photocopying provisions of Ch. 119, F.S., and the department need not delete or excise any information obtained from persons involved in accidents which is contained in such accident reports. This conclusion in no way applies to or limits the confidentiality which has been legislatively mandated by s327.30(3), F.S., for accident reports filed by persons involved in the accident. However, the persons involved in a boating accident may waive the confidentiality provision in s 327.30(3), F.S., for accident reports filed by such persons, and may inspect and copy his or her own accident report.
Sincerely,
Jim Smith, Attorney General
Prepared by: Linda Lettera, Assistant Attorney General