493 So.2d 29 (1986)
Anne DINOWITZ and Pete Dinowitz, Appellants,
v.
William WEINRUB, Appellee.
No. 85-2249.
District Court of Appeal of Florida, Fourth District.
August 6, 1986.
Rehearing Denied September 23, 1986.
Karen E. Roselli of Law Offices of Krupnick and Campbell, Fort Lauderdale, for appellants.
Mary Anne Philips of Dickman, Green and Murphy, Fort Lauderdale, for appellee.
GLICKSTEIN, Judge.
This is an appeal by the plaintiff from an adverse jury verdict. We reverse.
The bases for our reversal are that there was a failure to adhere to section 316.066(4), Florida Statutes (1983); and that the error occasioned thereby was harmful.
Section 316.066(4) provides:
Each accident report made by a person involved in an accident shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when *30 such person denies his presence at such accident, and except that the department shall disclose the final judicial disposition of the case, indicating which, if any, of the parties were found guilty. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident... .
There were two disputed contentions between the parties upon the question of liability. The first and foremost was whether the accident between the defendant's vehicle and the pedestrian plaintiff occurred on the roadway or in the grass. The second was what part of the vehicle came in contact with the plaintiff.
The plaintiff's original brief examination of the officer was limited to the second issue. The pertinent inquiry was as follows:
Q. Could you tell the jury, sir, after the pedestrian was taken to the hospital by EMS did you continue your own investigation and by that I mean try to make any determination as to where the point of impact was on the vehicle and the person?
A. Yes, I did.
Q. Could you tell the jury where your own independent investigation determined the point of impact to be?
A. The right front fender of the vehicle that struck the pedestrian.
The problem before us arose on cross-examination, during which the following occurred, when the officer was being questioned by defense counsel:
Q. The point of impact was in the roadway then? Certainly it was not on the grass?
MR. CAMPBELL: Wait a minute. I don't want to object, but this is not his personal observation and this would be a conclusion that the officer couldn't make because he wasn't there unless he can do it.
THE COURT: I'll overrule the objection.
MR. MURPHY: Because he asked him about point of impact.
THE COURT: Go ahead.
Q. (By Mr. Murphy) Sir, your conclusion obviously was the point of impact was in the roadway and not in the grass area; correct?
A. Yes, sir.
Q. I assume, sir, since you weren't there, that if the point of impact was in the right front of the vehicle and assuming that the driver of the vehicle stopped his car immediately, then the pedestrian would have been lying towards the front of the car; correct?
A. That would be just an assumption on my part.
Q. Logical one, though?
A. I would say so.
Q. Sir, your investigation revealed that and I know you drew a little map on your report that you have the  that you have Mr. Weinrub's vehicle entirely within the eastbound lane; correct?
MR. CAMPBELL: Your Honor, at this point in time the vehicle was removed prior to his arrival. This is based upon what Mr. Weinrub told after the accident which is privileged and counsel knows that.
MR. MURPHY: And a privilege I can waive.
THE COURT: Okay.
MR. CAMPBELL: I don't think 
MR. MURPHY: It's a privilege I can waive.
MR. CAMPBELL: Can we have the jury removed?
THE COURT: I don't think it's necessary. I'm going to overrule the objection. You can go ahead.
MR. MURPHY: Thank you, Your Honor.
Q. (By Mr. Murphy) Sir, from your investigation it appears that from the report you made that the Weinrub vehicle was entirely within the eastbound lane; correct?
A. Again that's not from my independent investigation because the vehicle had been removed prior.
Q. That was something that obviously Mr. Weinrub would have told you?
A. Yes. Basically the information that I have on this accident report is statements that I received at the scene from Mr. Weinrub.
*31 We believe that the objections should have been sustained. The only point made by appellant deals with the statutory privilege not hearsay per se; but the question remains whether the error is harmful.
During the plaintiff's direct examination, he testified:
All I remember is walking. I was walking on the grass. I took six, eight steps, whatever, just walking on the grass. The next thing I remember something touched me. I turned around. I saw this car. I couldn't tell you what color it was and I think I said, "Oh, my God," and with that I went over onto the grass. That's all I really remember.
If the jury found the accident to have occurred, as the plaintiff argued, off the roadway and on the grass, the effect upon the verdict would be material. Our concern lies with the effect of the officer's parroting what the defendant told him as to the accident having occurred on the roadway, thus potentially giving the defendant an edge with the jury in the swearing match between the parties. Had the evidence  testimonial or otherwise  been, apart from that of the defendant, to the effect that the impact occurred on the roadway, we might be more convinced as to the harmless effect of the officer's testimony. The officer's appearance  boots and belt  coupled with twenty-two years as an officer in Florida and New York could have easily influenced one or more jurors in a favorable manner. We perceive similarities here to the situations in White v. Kiser, 368 So.2d 952 (Fla. 1st DCA 1979), and Smith v. Frisch's Big Boy Inc., 208 So.2d 310 (Fla. 2d DCA 1968).
Finally, the plaintiff did not waive the statutory privilege by calling the officer as a witness, as she limited her inquiry on direct examination.[1] It was immaterial that the plaintiff was claiming the privilege while the statements were those of the defendant. She had the right to invoke the privilege, by doing or not doing something other than "calling a witness." Hill v. Allstate Insurance Co., 404 So.2d 156 (Fla. 3d DCA 1981).
The statute has a very important purpose; namely, to enable an investigating officer to learn the truth about the occurrence of an accident without the party so revealing it incriminating himself. To whittle away at the statute is contrary to public policy.
DOWNEY, J., concurs.
ANSTEAD, J., dissents without opinion.
NOTES
[1] Nor did she waive it by failing to object to the following directed to the officer by defense counsel upon the question of what part of the defendant's vehicle came into contact with the plaintiff:

Q. Sir, did you specifically question  can you specifically remember now talking to Mr. Weinrub that day about where the impact occurred on his vehicle?
A. Yes, sir.
Q. And it's your testimony, sir, that he told you it was the right front of his vehicle?
A. Yes, sir.
Q. What did the other witness say or the woman who came out afterwards? Did she talk to you about where Mrs. Dinowitz's body was located when she came out or where the vehicle was?
A. MR. CAMPBELL: For the record, I have to object to all this as being hearsay and privileged.
THE COURT: That objection is sustained. You're not talking about a party. You're talking about a witness.
MR. MURPHY: Okay. I have nothing else.