GRIFFIN, Judge,
dissenting.
I respectfully dissent.
Salama filed suit below against McGregor and Ploof alleging that Salama was seriously injured on October 4, 1991, when a truck driven by defendant McGregor and owned by defendant Ploof collided with Salama, who was on his bicycle, at the intersection of Bermuda Avenue and King Street in Kissim-mee.
At trial, the evidence showed that McGre-gor’s tractor-trailer was traveling north in the right outside curb lane on Bermuda Avenue just before the accident. Thirteen-year-old Salama and a friend were traveling south on the sidewalk on their bicycles. As Salama entered the apron area where King Street intersected Bermuda Avenue, he encountered some sand or dirt which had accumulated there. The sand or dirt caused Salama to lose control of his bicycle and veer onto Bermuda Avenue. McGregor was unable to stop in time, and the tractor-trailer ran over one of Salama’s legs.
One of the contested issues was whether McGregor was speeding at the time of the accident. McGregor testified that the posted speed limit was 35 miles per hour (m.p.h.) and that he was going only 25 m.p.h. when he applied his brakes. The defendants’ accident reconstruction expert, Thomas F. Talbot, Ph. D., agreed that McGregor was going about 24 or 25 m.p.h. Dr. Talbot also testified that there was nothing McGregor could have done to avoid the accident.
In contrast, Salama’s accident reconstruction expert, Joseph A. Abal, Ph.D., testified that, in his opinion, McGregor was traveling at least 40 to 45 m.p.h. Dr. Abal also testified that, if McGregor had been going the speed limit of 35 m.p.h., the accident would not have occurred because McGregor would have had time to stop before hitting Salama.
On cross-examination, defense counsel asked Dr. Abal if the speed indicated in the police accident report was consistent with Dr. Abal’s estimate. Salama’s attorney strenuously objected based on the accident report privilege; however, the trial court permitted this line of questioning, reasoning that the *216 privilege did not belong to a plaintiff and that Salama had waived the accident report privilege because Dr. Abal had testified on direct examination that he had relied on the report in forming his opinions. In response to defense counsel’s questions, Dr. Abal acknowledged that the accident report indicated that McGregor was going 30 m.p.h. Dr. Abal further stated that the investigating officers told him that they based this information on McGregor’s statement at the accident scene.
Florida’s accident report privilege is codified at section 316.066 of the Florida Statutes:
Except as specified in this subsection, each accident report made by a person involved in an accident and any statement made by such person to a law enforcement officer for the purpose of completing an accident report required by this section shall be without prejudice to the individual so reporting. No such report or statement shall be used as evidence in any trial, civil or criminal....
§ 316.066(4), Fla.Stat. (1991).[1]
The accident report privilege precludes the admission of information contained in a police accident report if the information is based on statements made to the investigating officer by witnesses and persons involved in the accident. Hammond v. Jim Hinton Oil Co., 530 So.2d 995, 997 (Fla. 1st DCA 1988); Dinowitz v. Weinrub, 493 So.2d 29, 31 (Fla. 4th DCA 1986). The privilege does not, however, preclude admission of the tangible evidence of an automobile accident, such as “location of accident, vehicles’ locations, skid-marks, damage to vehicles, all observed by the investigating officer,_ All this information ordinarily appears on the accident report prepared by the investigating police officer and it is clearly admissible at trial.” Brackin v. Boles, 452 So.2d 540, 544 (Fla.1984). See also Hammond, 530 So.2d at 997. Also, a party may waive the accident report privilege if that party opens the door by introducing inadmissible information contained in the accident report. See Dinowitz, 493 So.2d at 31; White v. Kiser, 368 So.2d 952, 953 (Fla. 1st DCA 1979); Soler v. Kukula, 297 So.2d 600, 602 (Fla. 3d DCA 1974); Southern Life & Health Ins. Co. v. Medley, 161 So.2d 19, 21 (Fla. 3d DCA 1964).
Here, the record indicates that the speed contained in the accident report was based on a statement made by McGregor to the investigating officer and, thus, the accident report privilege prohibited the admission of this information absent a waiver. Waiver is not a factor in this case because Dr. Abal’s testimony reveals that, if he did rely on the police accident report,[2] he relied only on information contained in the report which was based on the investigating officer’s observations of tangible evidence at the accident scene.[3] Accordingly, it was error to allow the defendants to question Dr. Abal as to the speed indicated in the accident report. This error cannot be deemed harmless since the officers who prepared the report and who could testify as to how their estimate was reached did not testify. The speed of McGregor’s truck was a critical issue at trial. The only reason reversal is not required on the Neil challenge issue is that the Florida Supreme Court in Mitchell v. State, 620 So.2d 1008, 1009 (Fla.1993) described its earlier opinion in Joiner v. State, 618 So.2d 174 (Fla.1993) as creating a precise procedural requirement for preservation of a Neil challenge for appellate review:
*217 [I]n order to preserve a Neil issue for review, it is necessary to call to the court’s attention before the jury is sworn, by renewed motion or by accepting the jury subject to the earlier objection, the desire to preserve the issue.
I would have described the holding in Joiner more narrowly: A litigant waives a Neil objection when he or she accepts the jury without communicating reservation of the objection or otherwise leads the court to believe that the earlier asserted objection to the panel based on Neil has been abandoned. Here, the lower court did not ask whether the jury was acceptable and nothing the appellant did or said could have caused the lower court to believe that the plaintiff was no longer objecting to the peremptory removal from the panel of the only minority contained on the entire venire. Nevertheless, the Mitchell requirement is clear and civil trial lawyers need to learn to follow it.

. As indicated by the statute, the accident report privilege extends to all persons involved in an accident, not just defendants. Hoctor ex rel. Hoctor v. Tucker, 432 So.2d 1352 (Fla. 5th DCA 1983). In this regard, a plaintiff may claim the privilege even as to statements made by the defendant. Dinowitz v. Weinrub, 493 So.2d 29, 31 (Fla. 4th DCA 1986).

. Dr. Abal testified that, in forming his opinion, he reviewed a copy of the police accident report, photographs, and witness depositions. Dr. Abal also interviewed the investigating officers and met them at the accident site. Dr. Abal's opinion of McGregor’s speed was based on physical measurements taken at the scene, not on the opinions of the officers or witnesses.

.A party does not necessarily waive the accident report privilege any time its accident reconstruction expert testifies that he relied on the accident report in forming his opinion. See White v. Kiser, 368 So.2d 952 (Fla. 1st DCA 1979) (party did not waive accident report privilege when its expert generally admitted considering information contained in accident report in arriving at his opinion).