OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
A vehicle operated by Mrs. Gottlieb struck the rear of a vehicle operated by Mr. Thomas. He alleged permanent injury. His wife claimed derivative damages. The jury’s verdict found Mrs. Gottlieb eighty percent (80%) at fault. However, despite the uncontroverted expert testimony that Mr. Thomas had sustained a permanent injury from the accident, and despite a pretrial stipulation that the no fault threshold was not at issue, the verdict awarded zero damages to both Mr. Thomas and his wife. We reverse the judgment entered on that verdict.
Mr. Thomas testified that his knee was injured in the collision. Both his treating physician and the physician employed by the defendants to examine Mr. Thomas before trial testified that he sustained a permanent injury to the knee from the collision. There was, however, conflicting testimony which the jury was entitled to believe which would support its ostensible finding that Mr. Thomas was not injured in this collision, i.e., the admission by Mr. Thomas that he had previously injured that knee, and the testimony of Mrs. Gottlieb, her husband, a friend of theirs, and the investigating police officer all to the effect that at the scene of the accident Mr. Thomas did not appear to be injured. We, of course, do not assay the weight to be given this conflicting testimony. We report it merely to make clear that the error in allowing over objection certain of the investigating police officer’s testimony cannot be considered harmless.
The officer had no independent recollection of the accident and could testify only on the basis of the information contained in *623 the accident report.[1] The officer was asked by defense counsel whether he had seen any indication of injury to Mr. Thomas at the accident scene. In response, the officer stated that he must not have, since in the section of the accident report relating to personal injuries he had checked code 1, used by him to indicate no apparent injuries. Up to this point there was no impropriety, since observations made by the investigating police officer at the accident scene are not within the privilege of section 316.066(4) Florida Statutes. Brackin v. Boles, 452 So.2d 540 (Fla.1984). However, defense counsel pursued the matter. He further elicited from the officer that code 5 was used when the officer saw no injuries but a person involved in the accident complained of an injury, and then, over objection, elicited the further response that Mr. Thomas did not complain of any injury. This was error.
Statements made by Mr. Thomas to the investigating police officer were within the statutory privilege, Hill v. Allstate Insurance Company, 404 So.2d 156 (Fla. 3d DCA 1981). True, the officer’s testimony related to what Mr. Thomas did not say, rather than to what he did say. The effect, however, is the same. It would be illogical to hold that the statutory privilege would preclude the officer from testifying that Mr. Thomas stated he was not injured but would not preclude the officer from testifying that Mr. Thomas made no complaint of injury. That is particularly true here since the officer’s testimony touched not only on the issue of injury related to the accident but also on the issue of the credibility of Mr. Thomas (who during his case had testified that he did inform the officer of this injury). The statutory privilege applies to the use of the statements for impeachment as well as for substantive evidence. Ippolito v. Brener, 89 So.2d 650 (Fla.1956). For the jury to have arrived at a verdict of zero damages, it would have had to conclude, despite the uncontroverted medical testimony to the contrary, that Mr. Thomas sustained no injury in the collision. Given the conflicting testimony on this issue, we think it plain that the admission of this testimony was harmful.
It was also error for the trial court to instruct the jury on the seat belt defense [2] in the absence of any evidence that the seat belts in the Thomas vehicle were fully operational, Youngentob v. Allstate Insurance Company, 519 So.2d 636 (Fla. 4th DCA 1987) and in the absence of any evidence that the failure of Mr. Thomas to use the seat belt produced or contributed substantially to producing the damages sustained by him. Insurance Company of North America v. Pasakarnis, 451 So.2d 447 (Fla.1984). This error was rendered harmless by the verdict.
By written pretrial stipulation, counsel for both parties agreed that the no-fault threshold was not an issue to be tried. Several times during the course of the trial, counsel for the defendants agreed before the trial court that such was not an issue. One might think, as did plaintiffs'Counsel, that this was the equivalent of a stipulation that Mr. Thomas had sustained a permanent injury as a result of the collision. Defendants’ counsel insists here that the stipulation had no such meaning. It would seem prudent that the intent of that stipulation be clarified before the case is again tried.
The remaining point is without merit.
The judgment is reversed and this cause remanded for a new trial.
HERSEY, C.J., and DELL, J., concur.

. No issue was made in the trial court or raised here of the witness testifying to the content of the accident report without first establishing a hearsay exception.

. The verdict form submitted to the jury did not contain separate questions relating to the seat belt issue, as suggested by the verdict form attached to model charge No. la of the Florida Standard Jury Instructions.