869 So.2d 694 (2004)
AMERICAN EXPRESS CO., Appellant,
v.
Scott HICKEY, Appellee.
No. 5D02-3221.
District Court of Appeal of Florida, Fifth District.
April 2, 2004.
Justin D. Jacobson of Jacobson, Sobo & Moselle, Plantation, for Appellant.
Howard S. Marks and Jessica K. Hew of Graham, Builder, Jones Pratt & Marks, LLP, Winter Park, for Appellee.
ORFINGER, J.
American Express Co. appeals the trial court's order dismissing its amended complaint with prejudice. Although we sympathize with the trial judge, who was understandably frustrated with the conduct of American Express's attorney, Justin D. Jacobson, we reverse the order dismissing the amended complaint with prejudice.
Following a series of missed deadlines and the failure of American Express's attorney to appear at a scheduled hearing, the trial court dismissed American Express's amended complaint with prejudice.[1] Nonetheless, while we recognize that the trial court has the discretionary power to dismiss a complaint if the plaintiff fails to timely file an amendment or a party fails to meet some other filing deadline, that power must be used cautiously because "to dismiss [a] case based solely on the attorney's neglect unduly punishes the litigant ...." Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993).
To assist the trial court in determining whether dismissal with prejudice is warranted, *695 the supreme court has mandated consideration of the following factors: 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has previously been sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created signifficant problems of judicial administration. "Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative." Id. at 818.
Because dismissal is the ultimate sanction, it should be reserved for those aggravated cases in which a lesser sanction would fail to achieve a just result. Our review of the record suggests that dismissal with prejudice was too severe a response to the transgressions of American Express's attorney. The trial court has many options available to it in fashioning an appropriate sanction, including imposing fines, awarding attorney's fees under section 57.105, Florida Statutes (2004), finding counsel in contempt, or referring the matter to the Florida Bar. While it is essential that attorneys adhere to filing deadlines and procedural requirements, sanctions other than dismissal are appropriate in those situations when the attorney, and not the client, is responsible for the error. For the foregoing reasons, the order of dismissal is reversed.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] We too have experienced Mr. Jacobson's lack of diligence, as is evidenced by our difficulty in obtaining the record on appeal, which was furnished to us in an untimely fashion only after several orders from this court.