924 So.2d 37 (2006)
Robert PIXTON and Nancy Pixton, etc., Appellant,
v.
WILLIAMS SCOTSMAN, INC., etc., et al., Appellee.
No. 5D05-202.
District Court of Appeal of Florida, Fifth District.
January 27, 2006.
Rehearing Denied March 27, 2006.
*38 Marcia K. Lippincott of Marcia K. Lippincott, P.A., Lake Mary, for Appellant.
Penny W. Schmidt and Neil L. Weinreb of Schutt, Schmidt Burnett, Jacksonville, for Appellee.
SEMENTO, L.J., Associate Judge.
Robert and Nancy Pixton, ("Pixtons"), husband and wife, appeal a trial court's order dismissing their negligence action against Williams Scotsman, Inc., et al., ("Scotsman"). The Pixtons assert that the court failed to apply the correct rule of law in dismissing their action for failure to timely serve process, the trial court abused its discretion in dismissing their action because the statute of limitations had expired, and that the sanction of a complete dismissal was too severe.
On December 28, 2003, the Pixtons filed a negligence complaint against Scotsman two days prior to the expiration of the applicable four-year statute of limitations.[1] Then, on April 22, 2004, prior to the expiration of the 120 days within which to serve process,[2] Pixtons' counsel filed a motion for enlargement of time to perfect *39 service of process on the defendants, stating that "[t]o date, the Plaintiffs have been unsuccessful in obtaining service of process upon the Defendants," and "this motion is filed in good faith and not for purposes of delay." Pixtons' counsel also submitted an "Agreed Order Granting Plaintiffs' Motion for Extension of Time" which the court entered, allowing the Pixtons an additional 90 days to perfect service of process. A summons was issued for Scotsman on July 2, 2004, and service was perfected on July 8, 2004.
Scotsman filed a motion to dismiss for failure to comply with the 120 day service rule, since the summons was issued 188 days after the complaint was filed and not served until 194 days after the filing. Scotsman contends that no excusable neglect or good cause was shown for the delay.
The trial court held a non-evidentiary hearing on the motion to dismiss. At the hearing, Pixtons' counsel advised the court that the use of the phrase "Plaintiffs have been unsuccessful in obtaining service of process" in the motion for extension of time was in error because no attempt had been made to serve process at that time, and that the proposed "Agreed Order" was also in error because no other party consented to an extension. The Pixtons claimed that both errors were mistakes resulting from the use of forms, and that no deliberate attempt was made to mislead the court. The Pixtons' counsel advised the court that there was a delay in service because "[his] client still works for one of the defendants and was, quite frankly, trying to decide whether or not to pursue a claim against her." Understandably troubled by the false and misleading representations made in the Pixtons' motion and proposed order, the trial court found that the motion for extension was not filed in good faith and that the stated reasons for the delay in service, that the Pixtons had not decided whether to pursue a claim against a defendant, did not constitute good cause or excusable neglect for failure to timely perfect service of process. The court made no finding with regard to whether the misrepresentations were made intentionally or by mistake; opining that the result is the samethe court was misled and the delay was for an inappropriate tactical reason. The trial court noted that had it known the true basis for the requested extension of time, it would not have granted the motion because a conscious and tactical decision not to comply with the rule of procedure requiring defendants to be served within 120 days of filing did not constitute good cause. The trial court ultimately found that under the particular circumstances of this case the dismissal of the Pixtons' complaint was proper. This appeal ensued.
Florida Rule of Civil Procedure 1.070(j) provides a court with three options when a plaintiff has not properly served a defendant within 120 days after filing the complaint: (1) direct that service be effected within a specified time; (2) dismiss the action without prejudice; or (3) drop that defendant as a party. E.g., Chaffin v. Jacobson, 793 So.2d 102 (Fla. 2d DCA 2001). If a plaintiff shows good cause or excusable neglect, the court must extend the time for service and has no discretion to do otherwise. Id. at 104. However, if neither good cause nor excusable neglect is shown, the trial court is not required to dismiss the action without prejudice, but is left to exercise its discretion. Id. Further, in determining whether a dismissal is warranted, the trial court should consider the factors set forth in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993). A trial court's failure to consider the Kozel factors in determining whether dismissal is appropriate is, by itself, a basis for remand for *40 application of the correct standard. See Ham v. Dunmire, 891 So.2d 492 (Fla. 2004); Warren v. Shands Teaching Hospital & Clinics, Inc., 700 So.2d 702, 705 (Fla. 1st DCA 1997). If this was a case in which only the Pixtons, and not their counsel, had engaged in wrongdoing or noncompliance with the rules, Kozel would not apply. E.g., Levine v. Del American Properties, 642 So.2d 32 (Fla. 5th DCA 1994). In that event, the trial court, having determined that good cause was not shown, could have used its discretion to determine whether the case should be dismissed, even if the dismissal would have barred the cause of action because of the statute of limitations. See, e.g., Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298 (3d Cir.1995). However, where the attorney is involved in the conduct to be sanctioned, a Kozel analysis is required before dismissal is used as a sanction. Clearly, the Pixtons' trial counsel was involved in the conduct which was sanctioned; he misrepresented that the Pixtons had been unable to obtain service of process despite there being no actual attempt to serve, and presented an "Agreed Order" granting the extension of time despite no other party having consented. Under these circumstances, an evidentiary hearing is mandated to determine the clients' involvement or complicity in the attorney's conduct. See, e.g., Schlitt v. Currier, 763 So.2d 491 (Fla. 4th DCA 2000). Lacking such involvement or complicity by the client, the attorney's misconduct should not result in a dismissal of the action. E.g., Rose v. Fiedler, 855 So.2d 122 (Fla. 4th DCA 2003). Indeed, this court has held that "[b]ecause dismissal is the ultimate sanction, it should be reserved for those aggravated cases in which a lesser sanction would fail to achieve a just result." American Express Co. v. Hickey, 869 So.2d 694, 695 (Fla. 5th DCA 2004). Further, "it is essential that attorneys adhere to filing deadlines and procedural requirements, sanctions other than dismissal are appropriate in those situations when the attorney, and not the client, is responsible for the error." Id. at 695. Accordingly, we reverse and remand to the trial court for purposes of reconsideration under Kozel.
REVERSED AND REMANDED for further proceedings.
PLEUS, C.J., and SHARP, W., J., concur.
NOTES
[1] § 95.11(3)(a), Fla. Stat. (2004).
[2] Fla. R. Civ. P. 1.070(j).