995 So.2d 1066 (2008)
Amanda SCALLAN, Appellant,
v.
MARRIOTT INTERNATIONAL, INC., Appellee.
No. 5D08-267.
District Court of Appeal of Florida, Fifth District.
November 21, 2008.
James P. Gitkin, of Salpeter Gitkin, LLP, Ft. Lauderdale, for Appellant.
David Goulfine and Dale Hightower, of Hightower & Partners, Orlando, for Appellee.
ORFINGER, J.
The trial court dismissed Amanda Scallan's complaint against Marriott International, Inc. after striking her pleadings. Ms. Scallan appeals, contending that the court erred in dismissing her case due to difficulties in scheduling her deposition without considering the factors set forth in Kozel v. Ostendorf, 629 So.2d 817 (Fla. 1993). We agree and reverse.[1]
*1067 Ms. Scallan, a Louisiana resident, sued Marriott for injuries that she allegedly sustained when she slipped and fell in the shower of her room while she was a guest at a Marriott hotel in Orlando, Florida. While the litigation was ongoing, Ms. Scallan was diagnosed with breast cancer and began treatment in her hometown. When Marriott attempted to set her deposition in Orlando, Ms. Scallan moved for a protective order, stating that her doctor believed it was unwise for her to travel because of her medical condition. Ms. Scallan offered to be deposed in Louisiana or via a video teleconference, but Marriott rebuffed the idea of a video deposition. The trial court subsequently ordered Ms. Scallan to submit to a deposition in Orlando or pay Marriott's expenses incurred to depose her in Louisiana by a specified date. After Ms. Scallan's deposition was delayed several times, the court struck her pleadings and dismissed her case due to Ms. Scallan's failure to comply with the court order.
Before dismissing a complaint based on the failure to follow a court order, the trial court must consider the factors set forth in Kozel, 629 So.2d 817. See Pixton v. Williams Scotsman, Inc., 924 So.2d 37, 39 (Fla. 5th DCA 2006). The Kozel court stated:
To assist the trial court in determining whether dismissal with prejudice is warranted, we have adopted the following set of factors ...: 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.
Kozel, 629 So.2d at 818. "Where ... there is no indication that the trial court considered these factors, because it failed to make the `required findings' in its order, reversal has been required." Bank One, N.A. v. Harrod, 873 So.2d 519, 521 (Fla. 4th DCA 2004); see Pixton, 924 So.2d at 39-40 ("A trial court's failure to consider the Kozel factors in determining whether dismissal is appropriate is, by itself, a basis for remand for application of the correct standard.").
Here, both the trial court's order of dismissal and its final judgment in favor of Marriott lack any findings of willful noncompliance on Ms. Scallan's part. Such a finding is generally required. See Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla.1990) (holding that trial court may dismiss complaint as sanction for failing to comply with discovery requirements, but order of dismissal must contain explicit finding of willful noncompliance). In discussing the necessity of a written order with findings, the Florida Supreme Court held:
The dismissal of an action based on the violation of a discovery order will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard. Express findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation. *1068 While no "magic words" are required, the trial court must make a "finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard."
Ham v. Dunmire, 891 So.2d 492, 495-96 (Fla.2004) (citing Commonwealth Fed. Sav. & Loan Ass'n, 569 So.2d 1271). Although a trial court has discretion to dismiss a complaint for noncompliance with a court order, "it is for the very reason that the trial judge is granted so much discretion to impose this severe sanction that we have determined that [an order for dismissal] should contain an explicit finding of willful noncompliance." Commonwealth Fed. Sav. & Loan Ass'n, 569 So.2d at 1273.
Although the lack of the necessary findings alone mandates reversal in this case, an analysis of the Kozel factors suggests that the alleged misconduct did not rise to the level of egregiousness required to merit the extreme sanction of dismissal. There is nothing in the record before us to suggest that Ms. Scallan engaged in any willful, deliberate or contumacious conduct to avoid being deposed. Marriott was in no way prejudiced by the delay, and, most importantly, there was nothing to suggest that Ms. Scallan, as opposed to her attorney,[2] was even aware of Marriott's efforts to depose her.
For these reasons, we reverse the final judgment in favor of Marriott and remand this matter for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MONACO and LAWSON, JJ., concur.
NOTES
[1] Marriott contends Ms. Scallan's appeal was untimely filed. We disagree. The initial order granting Marriott's motion lacked the necessary words of finality. Only the subsequently entered final judgment was appealable.
[2] Admittedly, Ms. Scallan's attorney should have been more diligent in putting evidence before the court about the nature of Ms. Scallan's medical condition and the extent of her treatment. However, this failure alone does not justify the dismissal of the suit without an evidentiary hearing and the findings mandated by Kozel.