997 So.2d 1203 (2008)
Aileen D. SHORTALL, Appellant,
v.
WALT DISNEY WORLD HOSPITALITY, etc., Appellee.
No. 5D07-3235.
District Court of Appeal of Florida, Fifth District.
December 24, 2008.
*1204 Michael W. Youkon, Port Orange, for Appellant.
Michael R. D'Lugo, of Wicker, Smith, O'Hara, McCoy & Ford, P.A., Orlando, for Appellee.
PER CURIAM.
Aileen Shortall appeals an order dismissing her case with prejudice based on the trial court's finding that she failed to respond to four discovery requests and failed to comply with several aspects of its pretrial order. Ms. Shortall argues that the trial court erred by imposing this sanction without considering the factors set forth in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1994). We agree, and reverse.
The law is well-settled that "[b]efore dismissing a complaint based on the failure to follow a court order, the trial court must consider the factors set forth in Kozel." Scallan v. Marriott Int'l, Inc., 995 So.2d 1066 (Fla. 5th DCA 2008) (citing Pixton v. Williams Scotsman, Inc., 924 So.2d 37, 39 (Fla. 5th DCA 2006)). In Kozel, our supreme court stated:
To assist the trial court in determining whether dismissal with prejudice is warranted, we have adopted the following set of factors...: 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.
629 So.2d at 818. This Court has recognized that "[a] trial court's failure to consider the Kozel factors in determining whether dismissal is appropriate is, by itself, a basis for remand for application of the correct standard." Pixton, 924 So.2d at 39-40 (emphasis added). Disney's counsel correctly and admirably concedes that the trial court did not consider the Kozel factors before striking Ms. Shortall's pleadings and dismissing her case with prejudice. Accordingly, a reversal is required. Id. Additionally, the record below does not evidence any involvement by the client in counsel's failure to respond to discovery and does not evidence prejudice to Disney. Had the trial court simply imposed a lesser sanction and proceeded to trial, there would have been no delay in this matter. Under these circumstances, it appears that counsel's failures did not "rise to the level of egregiousness required to merit the extreme sanction of dismissal" under Kozel. See Scallan, 995 So.2d at 1068.
Accordingly, we reverse the order on appeal, and remand for further proceedings, including a new hearing on Disney's motion for sanctions.
REVERSED AND REMANDED.
TORPY, LAWSON and EVANDER, JJ., concur.