PER CURIAM.
 

 We review this case to determine if the trial court abused its discretion when it dismissed this negligence action as a sanction for dilatory behavior by Appellant’s counsel, Appellant, or both. Although the record is replete with allegations of dilatory behavior,
 
 [1]
 
 because the trial court did
 
 *76
 
 not make the requisite findings of fact to support the dismissal, pursuant to
 
 Kozel v. Ostendorf,
 
 629 So.2d 817 (Fla.1993), we are constrained to reverse and remand for further consideration.
 

 Appellant filed a negligence action against Appellee on November 9, 2004, concerning an incident that occurred four years earlier. After Appellant failed to timely respond or lodge objections to Ap-pellee’s discovery requests, the trial court granted Appellee’s motion to compel and ordered Appellant to respond to the requests within ten days. Although Appellant obtained two extensions of time to respond to the requests, nearly a year after the court ordered a response, Appellant still had not responded fully. Appel-lee, therefore, filed a motion for order to show cause based on Appellant’s failure to comply with the order compelling discovery. Appellee acknowledged that Appellant responded to its request to produce, but alleged that he had yet to submit answers to interrogatories. It is unclear whether Appellant eventually complied as there was no hearing on the motion and the court did not enter an order to show cause.
 

 On April 4, 2007, the trial court issued an order requiring that the parties file a joint status report within thirty days, or notice the case for trial within ten days. The parties failed to comply with the order and the trial judge issued an order to show cause why the case should not be dismissed. Appellee then filed a letter to the trial judge explaining that it had sent a proposed status report to Appellant’s counsel for approval, but never received a response. Appellee informed the court that it had no objection to dismissal.
 

 The court held a hearing on the order to show cause, and although it did not dismiss the case, it warned that sanctions would be possible if the parties were not prepared for trial, which was scheduled to begin on December 10, 2007. The court entered an order setting the case for trial and directing the pretrial procedures. It ordered that counsel read the order as well as the Uniform Pretrial Procedures in Civil Actions and comply with both. It warned that:
 

 Material non-compliance with this Order or the Uniform Pretrial Procedures in Civil Actions by counsel or any party will subject the offending counsel or parties to appropriate sanctions which may include, but are not limited to, contempt, dismissal, default, the striking of the pleadings, claims or defenses, the exclusion of evidence or witnesses, the assessment of fees or costs, or such other sanctions as may be appropriate.
 

 The order required, among other things, that Appellant’s counsel submit a mediation order to the court by a date certain. It also required that each party submit witness lists, expert witness lists, and exhibit lists, and it set a deadline for discovery.
 

 On November 13, 2007, Appellee filed a motion to dismiss, alleging that Appellant failed to comply with the order compelling discovery because Appellant still had not provided answers to the interrogatories. It also alleged that Appellant failed to comply with the court’s order requiring the submission of a joint status report. Finally, the motion asserted that Appellant violated the order setting the case for trial and directing pretrial procedures because he failed to submit a mediation report,
 
 *77
 
 witness list, exhibit list, or expert witness list. The court granted Appellee’s motion finding that:
 

 As stated in the Defendant’s motion, the Plaintiff has willfully violated the orders of this Court. Although properly noticed, neither the Plaintiffs counsel nor the Plaintiff appeared at the hearing on this motion. The Plaintiff did not file any response to the motion and has not otherwise contacted this Court regarding the motion or hearing. The Plaintiff has failed to show any good cause why this case should not be dismissed for failure to comply with this Court’s previous Orders.
 

 Appellant sought rehearing, asserting that he had not received notice of the hearing. Appellant also contended that he in fact had submitted answers to the interrogatories and would provide proof of compliance at a hearing. Furthermore, he asserted that the interrogatories “were of the garden variety type not even germane to the nature of the action,” and thus, there was no showing of prejudice. He concluded that setting a mediation date is a shared responsibility, there was no discovery to be taken in his view, and he had in fact served a witness list on Appellee.
 
 [2]
 

 On February 19, 2008, the trial court denied the motion for rehearing finding that “the Plaintiff never served a copy of his motion on the Court, has not requested hearing time on the motion, and has not otherwise notified the Court of the existence of his pending request for rehearing.” This appeal followed.
 

 Before a trial court can dismiss a case with prejudice under these circumstances, it must consider all of the following factors:
 

 1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for the noncompliance; and 6) whether the delay created significant problems of judicial administration.
 

 Kozel,
 
 629 So.2d at 818. When, as here, there is no indication that the court considered these factors because it failed to make findings addressing these factors in its order, reversal is required.
 
 Scallan v. Marriott Int’l, Inc.,
 
 995 So.2d 1066 (Fla. 5th DCA 2008).
 

 On remand, because there is an issue about whether notice of the hearing was given and because it might be necessary to hear from Appellant, personally, to determine his degree of culpability, if any, the court should set this matter for another hearing. After considering the
 
 Kozel
 
 factors and making findings, if a sanction is appropriate, the court should consider
 
 Ko-zel’s
 
 admonition to impose the appropriate sanction, giving due consideration to the purposes for the sanction. The court should also consider whether the sanction should be directed at Appellant, his counsel, or both, depending on who is to blame
 
 *78
 
 for the allegedly dilatory behavior.
 
 See Kozel,
 
 629 So.2d at 818 (sanction should be directed toward person responsible for delay; court should avoid punishing litigant for misconduct of counsel).
 

 REVERSED AND REMANDED.
 

 GRIFFIN and TORPY, JJ., concur.
 

 MONACO, C.J., dissents, without opinion.
 

 [1]
 

 . Appellant is represented by the same attorney on this appeal as he was below. The attorney has not helped his cause here. Even after we granted four extensions of time, totaling seventy-two extra days, within which to file an initial brief, counsel still failed to time
 
 *76
 
 ly file his Initial Brief, necessitating that we issue an order to show cause. Only then did Appellant file his Initial Brief. After we granted three more extensions of time for serving the reply brief and directed the filing of the brief by a date certain, Appellant filed the brief three days late.
 

 [2]
 

 . There is nothing in the record indicating that Appellant served a witness list on Appel-lee. Furthermore, Appellant admits that he did not serve the witness list until after the case had been dismissed, and thus, after the deadline set forth in the order directing pretrial procedure. The case was dismissed on December 7, 2007, and the witness list was to be served at least sixty days prior to the docket sounding scheduled for December 5, 2007. Furthermore, trial was set to commence on December 10, 2007, so Appellant would have served his witness list, at the most, three days prior to trial.