PER CURIAM.
The Jacksons, plaintiffs below, appeal from a final judgment entered in accordance with the jury’s verdict. We affirm as to all issues raised on appeal and cross-appeal and write only to discuss the apparent unwillingness or inability of defense counsel, Jennings L. Hurt, III, to comply with fairly simple instructions from the trial court not to use the terms “guilty” or “innocent” when questioning witnesses or addressing the jury with regard to the issue of the defendants’ standard of care. The record reflects that Mr. Hurt repeatedly disregarded the trial judge’s instructions even after the judge corrected him, on more than one occasion, in the presence of the jury. While we agree with *304 the Jacksons that the trial court should have done more to enforce its directives,[1] we conclude that reversal is not required. It is highly unlikely that Mr. Hurt’s comments affected the jury verdict, particularly given that the trial court corrected Mr. Hurt in the jury’s presence, gave timely curative instructions to the jury and properly instructed the jury on the burden of proof at the conclusion of the case. See, e.g., Bradley v. S. Baptist Hosp. of Fla., Inc., 943 So.2d 202, 207 (Fla. 1st DCA 2006) (trial court does not abuse discretion in denying motion for new trial where counsel’s alleged misconduct not so pervasive and egregious as to prejudice jury’s ability to fairly assess evidence). We remind counsel that although an attorney’s misconduct may not rise to the level of reversible error, it should be eliminated because it lowers the professional reputation of the Bar and brings disrepute to our judicial system. Eichelkraut v. Kash N’ Karry Food Stores, Inc., 644 So.2d 90, 93 (Fla. 2d DCA 1994), disapproved on other grounds, Murphy v. Int’l Robotic Systems, Inc., 766 So.2d 1010 (Fla.2000).
AFFIRMED.
MONACO, C.J, EVANDER and JACOBUS, JJ., concur.

. See Muhammad v. Toys R Us, Inc., 668 So.2d 254, 259 n. 1 (Fla. 1st DCA 1996) ("In light of the propensity of appellate courts to reverse when an attorney's conduct violates the rules of professional conduct, trial judges are advised to take appropriate measures to prevent such conduct.”).