IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RANDY RHOADES, III,

      Appellant,

                                   Case No. 5D21-2295

v.                                 LT Case No. 2014-CA-25416

LILMISSETTE RODRIGUEZ,

      Appellee.

_____/

Opinion filed February 3, 2023

Appeal from the Circuit Court
for Brevard County,
Curt Jacobus, Judge.

Derek J. Angell, of Roper, P.A.,
Orlando, for Appellant.

Maegen Peek Luka, of Newsome
Melton, P.A., Orlando, and Jeffrey M.
Byrd, of Jeffrey M. Byrd, P.A.,
Orlando, for Appellee.


PER CURIAM.

     Appellee, Lilmissette Rodriguez, ("Plaintiff") filed a negligence action

against Appellant, Randy Rhoades, III, ("Defendant") for injuries sustained

when the motor vehicle she was driving was struck by Defendant's motor vehicle. The first trial in the case ended during the presentation of testimony when the predecessor trial judge declared a mistrial. Prior to the second trial, Plaintiff filed a Motion for Sanctions Against Defendant for Fraud on the Court and a Motion for Sanctions due to Ongoing Illegal Conduct. The motions alleged that defense counsel, Dale Gobel, had intentionally made misleading and deceptive statements to the judge and jury in the first trial resulting in the mistrial, and that defense counsel had utilized improper discovery procedures in the case to obtain medical records from Plaintiff's treating physicians. The court held a lengthy hearing on Plaintiff's motions and ultimately granted the motions and struck Defendant's pleadings. The second trial proceeded to verdict, where the jury awarded far less damages than the amount sought by Plaintiff. The trial court subsequently granted Plaintiff's motion for additur. When Defendant rejected the additur, a new trial was ordered.

On appeal, Defendant seeks review of the order granting new trial and the order imposing sanctions. We affirm, in part, reverse, in part, and remand for a new trial on all issues.

First, we conclude that the trial court did not abuse its discretion in ordering a new trial after Defendant rejected an additur. *See Van v. Schmidt*,

2

122 So. 3d 243, 253–54 (Fla. 2013) (holding that highly deferential abuse of discretion standard applies on appellate review where trial court grants new trial on grounds that jury verdict was contrary to manifest weight of evidence; mere showing that there was evidence in record to support jury verdict does not demonstrate abuse of discretion).

Next, we conclude that sufficient evidence supported the trial court's determination that in the first trial and in the motions for sanctions hearing, defense counsel made "intentionally misleading and deceptive statements" regarding his prior professional relationship and experiences with one of the physician witnesses. As the determiner of witness credibility, the trial court could properly reject attorney Gobel's claims of having failed to remember prior interactions with the witness. We also find no error in the determination that defense counsel had utilized improper discovery procedures in his effort to obtain Plaintiff's medical records. Accordingly, we affirm the trial court's decision that sanctions were warranted as a result of defense counsel's misconduct. The more difficult decision is determining whether the trial court abused its discretion in striking Defendant's pleadings.

In *Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1993), our Supreme Court set forth guidelines to assist trial courts in their task of sanctioning parties for "acts of malfeasance and disobedience." Those factors were:

3

1)     whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;

2)     whether the attorney has previously been sanctioned;

3)     whether the client was personally involved in the act of disobedience;

4)     whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;

5)     whether the attorney offered reasonable justification for noncompliance; and

6)     whether the delay created significant problems of judicial administration.

*Id*. at 818.

In addition to finding that attorney Gobel's misconduct was willful and deliberate, the trial court correctly observed that other judges have found misconduct on the part of attorney Gobel. *See, e.g.*, *Bowers v. Tillman*, 323 So. 3d 322, 324 (Fla. 5th DCA 2021) ("The second event arises from misconduct by defense counsel, Dale Gobel."); *Cemoni v. Ratner*, 322 So. 3d 197, 201 (Fla. 5th DCA 2021) (Cohen, J.,  concurring) ("In my view, the instant cases establish a continuing pattern of conduct by Mr. Gobel designed to provoke the granting of mistrials. Mr. Gobel has occasioned more mistrials in these two cases alone than most lawyers will have in an

4

entire career."); *Plotkin v. Calhoun, et. al.*, No. 2014-CA-452 (Fla. 18th Cir. Ct. July 8, 2020) (granting amended motion for sanctions and stating that "[p]ursuant to *Moakley v. Smallwood*, 826 So. 2d 221 (2002), the court finds that [defendant's] counsel engaged in 'extreme bad faith litigation'"); *Swanson v. State Farm*, No. 2014-CA-009563-0 (Fla. 9th Jud. Cir. Mar. 16, 2017) (granting plaintiff's motion for mistrial, stating "[t]he pervasiveness of defense counsel's comments and the cumulative nature of the comments and improper testimony throughout the entirety of trial, as well as the numerous violations of the Court's orders on motions in limine mandate the granting of a new trial").

However, in *Ham v. Dunmire*, 891 So. 2d 492, 497 (Fla. 2004), the Court cautioned against the imposition of sanctions that "punish litigants too harshly for the failures of counsel." Here, there is no evidence that Defendant participated in his counsel's actions, nor is there evidence that Plaintiff was prejudiced by defense counsel's utilization of improper discovery procedures. Furthermore, we cannot agree with the trial court's apparent determination that attorney Gobel's misconduct was the sole cause of the necessity to grant the earlier mistrial (and the resulting undue expenses and negative impact on judicial administration emanating therefrom). Our review

5

of the record reflects that both attorney Gobel and Plaintiff's counsel, Jeffrey Byrd,[1] had significant roles in causing the mistrial.

After giving due consideration to the trial court's findings, but also giving consideration to the fact that both attorneys' conduct contributed to the need to declare a mistrial in the first trial, we conclude that the trial court abused its discretion in striking Defendant's pleadings. Instead, the trial court should have imposed sanctions directly upon the individual who it found had made "intentionally misleading and deceptive statements" to the court and/or jury and who utilized improper discovery procedures. *See Moakley v. Smallwood*, 826 So. 2d 221, 226 (Fla. 2002) ("We thus hold that a trial court possesses the inherent authority to impose attorney's fees against an attorney for bad faith conduct."); *see also Robinson v. Ward*, 203 So. 3d 984, 989 (Fla. 2d DCA 2016) (affirming imposition of sanctions against attorney for attorney's misconduct during jury trial in personal injury action). On remand, the trial court is authorized to do so. It would be appropriate to require attorney Gobel to personally pay for the reasonable costs and attorney fees incurred by Plaintiff in preparation for, and participation in, the

---

[1] Attorney Byrd has also been criticized by our court for unprofessional conduct. *See Vickers v. Thomas*, 237 So. 3d 412, 415 (Fla. 5th DCA 2017); *Rasinski v. McCoy*, 227 So. 3d 201, 202 n.1 (Fla. 5th DCA 2017); *Beekie v. Morgan*, 751 So. 2d 694, 695–96 (Fla. 5th DCA 2000).

hearing on Plaintiff's motions for sanctions. Furthermore, it would be appropriate for the trial court to require attorney Gobel to personally pay for any fees billed by Dr. Mahan at the original trial given the trial court's determination that attorney Gobel had engaged in an intentionally misleading and deceptive cross-examination of Dr. Mahan—a cross-examination that necessitated Dr. Mahan being required to spend time and effort in gathering documentation that tended to rebut attorney Gobel's statements to the judge and/or jury. Furthermore, although defense counsel's utilization of improper discovery procedures did not cause prejudice to Plaintiff, it was not inappropriate for Plaintiff to seek court assistance to preclude defense counsel from continuing to engage in such practices.

For the benefit of the members of the Bar, we call attention to the two particular instances where defense counsel's utilization of improper discovery techniques potentially serve as a basis for disciplinary sanctions. First, the record reflects that after serving notices of intent to issue subpoenas to non-party medical providers, defense counsel prematurely issued the subpoenas in contravention of Florida Rule of Civil Procedure 1.351. Upon receiving a timely objection from opposing counsel, defense counsel waited over two weeks before notifying the subpoena recipients that they should not produce the requested documents. By that time, defense

7

counsel had already received documents from four of the subpoenaed medical providers.

Recently, in *Florida Bar v. Arugu*, 350 So. 3d 1229 (Fla. 2022), the Florida Supreme Court addressed a situation where, in a family law case, attorney Arugu prepared and filed with the circuit court a "Notice of Production from Non-Party," along with a proposed subpoena duces tecum to a particular mortgage company. *Id*. at 1231. The proposed subpoena listed several sets of records Arugu wanted the mortgage company to produce pertaining to his client's wife and father-in-law. After the ten-day period to serve an objection to the proposed subpoena expired, Arugu served a modified version of the subpoena seeking the production of three additional sets of records. *Id*. Despite receiving an objection from opposing counsel to the modified subpoena, Arugu failed to notify the mortgage company, which ultimately produced records in response to the modified subpoena. *Id*.

The supreme court approved the Bar referee's finding that Arugu had violated the following rules of the Rules Regulating the Florida Bar: Rule 4-3.4(c) (attorney must not knowingly disobey obligations under the rules of tribunal); Rule 4-3.4(d) (attorney must not make frivolous discovery requests); Rule 4-4.1 (in course of representing client, lawyer shall not knowingly make false statement of material fact or law to third person); Rule 4-8.4(c) (lawyer

8

shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). *Id*. at 1232. Notably, the Court found that in addition to violating the applicable discovery rules of procedure, Arugu had, in essence, misrepresented to the mortgage company that it was obligated to produce the requested documents. *Id*. at 1234. Here, in addition to violating Florida Rule of Civil Procedure 1.351, defense counsel's actions potentially contravened the above-referenced Bar rules, as well.

Second, as the trial court found, the record reflects that defense counsel sought to obtain updated medical records from one of Plaintiff's medical providers without Plaintiff's knowledge and consent by sending a letter to the medical provider referencing a prior subpoena and the need for "missing" records. As observed by our sister court, there is no authority for the proposition that discovery subpoenas are continuing in nature, permitting a treating physician subpoenaed once for records to continue to produce updated records to the party that subpoenaed him upon an informal, ex parte request. *Figaro v. Bacon-Green*, 734 So. 2d 579, 581 (Fla. 3d DCA 1999). Such procedure improperly denies the plaintiff the opportunity to object to the requested documents and potentially violates the Bar regulatory rules referenced above.

In conclusion, we affirm the trial court's order granting a new trial[2] and its determination that sanctions are warranted as a result of defense counsel's misconduct. However, we reverse the trial court's order striking Defendant's pleadings.[3] On remand, the trial court may consider the imposition of alternative sanctions as set forth in this opinion.

AFFIRMED, in part; REVERSED, in part; REMANDED for a new trial.


EVANDER, J., concurs.
JAY, J., concurs, with opinion.
LAMBERT, C.J., concurs in part; dissents in part, with opinion.

---

[2] Given our determination that Defendant's pleadings should not have been struck, the new trial shall be on all issues. Additionally, we have directed the Clerk of our Court to forward a copy of this opinion to the Florida Bar.

[3] Our decision should not be interpreted as prohibiting a trial court from striking a party's pleadings where the party was not involved in the sanctionable conduct committed by his or her attorney. Rather we hold that, under the facts of this case, it was error to do so.

JAY, J., concurring specially.

I concur in the court's opinion but write separately to address the dissent's argument that the trial court did not abuse its discretion in striking Defendant's pleadings.

Striking a party's pleadings is "the ultimate sanction," *Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1993), and "sounds the 'death knell'" of a party's case. *Rocka Fuerta Constr. Inc. v. Southwick, Inc.*, 103 So. 3d 1022, 1025 (Fla. 5th DCA 2012) (quoting *Cox v. Burke*, 706 So. 2d 43, 46 (Fla. 5th DCA 1998)). And while a client's personal involvement in a lawyer's misconduct is only one of the *Kozel* factors, the Florida Supreme Court has "reiterate[d] that the interests of justice . . . will not tolerate the imposition of sanctions that punish litigants too harshly for the failures of counsel." *Ham v. Dunmire*, 891 So. 2d 492, 497 (Fla. 2004); *see also Kozel*, 629 So. 2d at 818 ("In our view . . . the court's decision to dismiss the case based solely on the attorney's neglect unduly punishes the litigant and espouses a policy that this Court does not wish to promote."). Thus, "an action should not be dismissed when the malfeasance can be adequately addressed through the imposition of a contempt citation or lesser degree of punishment directly on counsel." *Ham*, 891 So. 2d at 498.

Indeed, this court has consistently held that "[i]f consideration of [the *Kozel*] factors suggests the attorney was at fault and if a sanction less severe than dismissal appears to be a viable alternative, the trial court should employ such an alternative." *Erdman v. Bloch*, 65 So. 3d 62, 66 (Fla. 5th DCA 2011); *see also Deutsche Bank Nat'l Tr. Co. v. Lippi*, 78 So. 3d 81, 85 (Fla. 5th DCA 2012) ("Sanctions short of dismissing a case . . . are appropriate when the errors are made by the attorney and not the client."); *Am. Express Co. v. Hickey*, 869 So. 2d 694, 695 (Fla. 5th DCA 2004) ("Because dismissal is the ultimate sanction, it should be reserved for those aggravated cases in which a lesser sanction would fail to achieve a just result. Our review of the record suggests that dismissal with prejudice was too severe a response to the transgressions of American Express's attorney."); 5 Philip J. Padovano, *West's Fla. Practice Series* § 12:2 (2022 ed.) (observing that an "appellate court is most likely to find an abuse of discretion if the failure to comply was entirely the fault of counsel").

Here, the trial court found that Mr. Rhoades "was not involved in [Mr. Gobel's] disobedient acts." Meaning, Mr. Rhoades played no part in his lawyer's misconduct. Instead, "Mr. Rhoades had little to no input on trial strategies and procedures." And Mr. Rhoades did not hire Mr. Gobel. Mr.

Gobel was hired by Mr. Rhoades' insurance carrier.[4] Given these facts, the trial court abused its discretion when it struck Defendant's pleadings for the discovery actions of Mr. Gobel—actions that did not prejudice Plaintiff. *See Ham*, 891 So. 2d at 499 ("[D]ismissal is far too extreme . . . in those cases where discovery violations have absolutely no prejudice to the opposing party.").

Striking a party's pleadings is "strong medicine" that is reserved for instances of "egregious" misconduct. *Rocka Fuerta Constr. Inc.*, 103 So. 3d at 1025. This means that "a fine, public reprimand, or contempt order may often be the appropriate sanction . . . in those situations where the attorney, and not the client, is responsible for the error." *Kozel*, 629 So. 2d at 818. In this case, reasonable alternative sanctions were available to the trial court. Accordingly, the trial court erred in striking Defendant's pleadings. *See Ham*, 891 So. 2d at 498 ("[E]xamination of the record and the circumstances surrounding these failures plainly reveals that they did not warrant dismissal of Ham's action with prejudice."); *Shortall v. Walt Disney World Hosp.*, 997 So. 2d 1203, 1204 (Fla. 5th DCA 2008) ("Under these circumstances, it

---

[4] The dissent cites *Adams v. Barkman*, 114 So. 3d 1021, 1024 (Fla. 5th DCA 2012), for the proposition that striking pleadings may motivate litigants to stop hiring lawyers who engage in habitual misconduct. While that may be true, such a rationale does not apply here where Mr. Rhoades did not choose the lawyer his insurance company hired.

appears that counsel's failures did not 'rise to the level of egregiousness required to merit the extreme sanction of dismissal' under *Kozel*." (quoting *Scallan v. Marriott Int'l, Inc.*, 995 So. 2d 1066, 1068 (Fla. 5th DCA 2008))); *see also Beasley v. Girten*, 61 So. 2d 179, 180–81 (Fla. 1952) ("The court unquestionably has power to discipline counsel for refusal or failure to meet the requirements of the rule. Such refusal may warrant a citation for contempt or a lesser degree of punishment, but it is our view that the major punishment for such delicts should ordinarily be imposed on counsel rather than on the litigant.").

LAMBERT, C.J., concurring, in part, and dissenting, in part.

I concur in the majority opinion that the trial court did not abuse its discretion in ordering a new trial after Defendant rejected an additur. I also concur with the majority that sanctions should be imposed due to the unprofessional behavior of defense counsel, Dale Gobel. I see no material difference between Gobel's misconduct here and that of the attorney in *Florida Bar v. Arugu*, *supra*, which resulted in the Florida Supreme Court suspending Mr. Arugu from the practice of law for ninety-one days. 350 So. 3d at 1231. As we have directed the Clerk of our Court to forward a copy of this opinion to the Florida Bar, whether Mr. Gobel should be similarly suspended from the practice of law (or longer) is best left to the Florida Supreme Court, assuming that disciplinary proceedings are instituted by the Florida Bar.

Where I part ways with the majority is that I do not believe the trial court abused its discretion with the sanction of striking the defendant's pleadings. In *Adams v. Barkman*, 114 So. 3d 1021, 1024 (Fla. 5th DCA 2012), this court affirmed a final judgment awarding damages to the plaintiffs following a jury trial after the trial court had stricken the defendant's pleadings as a sanction for their attorney's misconduct during the course of the trial. We found "that

15

the trial judge properly considered the *Kozel* factors, gave [defense counsel] every opportunity to provide a valid explanation for his conduct, and appropriately struck [the defendant's] pleadings as a sanction." *Id.* Pertinent here, we wrote that "[b]y sanctioning a party as [the trial judge] did in this case, maybe attorneys will get the message to either change their tactics or clients will stop hiring them." *Id.*

As reflected in the majority opinion, Dale Gobel's misconduct has been repeatedly inflicted upon trial judges for several years in a number of cases. By reversing the sanction imposed by the trial court, I suspect that Gobel will not change his tactics and clients will continue to hire him, resulting in a continuing, unabated, and unnecessary adverse effect on the administration of justice in Florida courts.

Accordingly, I would affirm as to the sanction imposed of striking the defendant's pleadings and would remand for a new trial only as to the issue of damages.

16